Lindsay v. The City of Des Moines.

*1. Appeal: evidence to support verdict.*

*2. Cities and towns: defective sidewalk: evidence.*

AFFIRMED.

---

## LINDSAY v. THE CITY OF DES MOINES.

1. **Practice** : IMPROPER REMARKS TO JURY : ORAL DISAPPROVAL BY COURT : NO PREJUDICE. Counsel for defendant, in argument to the jury, made unwarranted statements to the jury, to which counsel for plaintiff objected, and the judge stated orally, in the presence of the jury, that he would instruct the jury not to consider such statements; but he failed to so instruct. *Held* that the omission was not reversible error, as the jury would not, after hearing what was said, consider the statements referred to.

Lindsay v. The City of Des Moines.

2.  **Cities and Towns :** DEFECTIVE SIDEWALK: INSTRUCTIONS. In an
    action for an injury on a defective sidewalk, the court instructed
    that "the city is not an insurer of the safety of persons traveling
    upon its sidewalks." *Held* no. error, when followed immediately by
    the words, "and is only liable when injuries are incurred without
    fault of the person injured, and because of negligence on the part
    of the city."

3.  **Instructions :** WHOLE CHARGE CONSIDERED. A defect in any part
    of the charge to the jury will not be ground for reversal when it
    is clear from the whole charge that the jury could not have been
    misled thereby.

4.  **Cities and Towns :** DEFECTIVE SIDEWALK: DUTY OF CITY:
    INSTRUCTION. In an action for an injury on a defective sidewalk,
    the effect of one of the instructions was that the city could not be
    justified in keeping the walk in an "unreasonably dangerous"
    condition. *Held* that, while the language was not well chosen, it
    was not misleading, in view of the whole charge.

*Appeal from Polk Circuit Court.*—HON. JOSIAH GIVEN,
Judge.

FILED, MARCH 9, 1888.

ACTION to recover damages for an injury received by
the plaintiff, caused by the accumulation of ice and
snow on the sidewalk in the city. Trial by jury. Ver-
dict and judgment for the defendant. The plaintiff
appeals.

*Henry S. Wilcox,* for appellant.

*Detrick & McMartin* and *Hugh Brennan,* for
appellee.

SEEVERS, C. J.—I. During the argument to the
jury, counsel for the defendant stated: "You have a
right to consider that the city of Des Moines
had two hundred miles of sidewalk which
had to be looked after as much as this where
Mrs. Lindsay fell;" to which counsel for
the plaintiff objected, and the judge stated
orally "that he would instruct the jury not to consider
any remarks as to the number of miles of sidewalk in
said city," and thereupon defendant's counsel desisted
from further statements of that nature; but the court

1. PRACTICE: improper remarks to jury: oral disapproval by court: no prejudice.

failed to so instruct the jury in writing.  It is insisted that what was said by counsel is clearly prejudicial error, in view of the fact that on a former appeal it was held that the court erred in admitting evidence as to the extent of the sidewalks in the city.  *Lindsay v. City of Des Moines*, 68 Iowa, 368.  It will be observed that when the remarks were made by counsel the court, in the presence of the jury, said he would instruct the jury to disregard such remarks.  This amounted to a condemnation of what counsel had said, and the jury would certainly understand that the statements of counsel were improper, and should not be considered.  The fact that the court failed to so instruct the jury in writing is immaterial.  Under the circumstances, we do not believe what was said by counsel constitutes reversible or prejudicial error.

II.  The third paragraph of the charge is lengthy, but the court, among other things, said that "the city

2. Cities and towns: defective sidewalk: instructions.

is not an insurer of the safety of persons traveling upon its sidewalks."  It is not claimed that this is not the law, but that there was no such issue, and, therefore, what the court said was "impertinent and uncalled for." Immediately following, and as a part of the same sentence, the court said, "and is only liable when injuries are incurred without fault on the part of the person injured, and because of negligence on the part of the city."  In our opinion this instruction states the law correctly, and was not impertinent or uncalled for.  2 Dill. Mun. Corp., sec. 1019.

III.  The court stated the issues to the jury fully and correctly, and that the plaintiff claimed to recover

3. Instructions: whole charge considered.

because snow and ice were permitted to accumulate on the sidewalk ; but in the fifth paragraph of the charge stated that large quantities of snow were permitted to accumulate on the sidewalk.  Because of the omission of the word "ice" from this paragraph, it is said the plaintiff was greatly prejudiced.  But we do not think so.  Taking the whole

charge of the court together, it is perfectly clear to our minds that the jury could not have failed to understand that if the city negligently permitted snow and ice to accumulate on the sidewalk, and the plaintiff, without negligence on her part, by reason thereof, fell and was injured, she was entitled to recover. Therefore, no prejudice resulted because of the omission of the word "ice" from the fifth paragraph of the charge.

IV. The court said to the jury: "If you have found that the plaintiff was injured * * * because of the negligence of the city * * * you will consider the duty of the city with respect to its sidewalks, whether the walk at the place of the accident was in an unreasonably dangerous condition. * * *" Complaint is made of the words "unreasonably dangerous." The thought of the court no doubt was that the walks must be kept in a reasonably safe condition, and, if not so kept, it necessarily follows that the walks were in an unreasonably dangerous condition. While this language cannot be commended, we do not think its use constitutes error. The jury without doubt clearly understood from the whole charge upon what the liability of the city depended.

4. CITIES and towns: defective sidewalk: duty of city; instruction.

AFFIRMED.