ADDIE SAUNDERS v. THE TOWNSHIP OF GUN PLAINS.

*Negligence—Injury from defective sidewalk—Walk held not a part of bridge or of its approach.*

A plank walk built upon the approach to a bridge, connecting the sidewalk on the street leading to the bridge with a walk on the side of the bridge for foot passengers, is a sidewalk in fact and in law, and not a part of the approach proper to the bridge or of the bridge; and, prior to the passage of the statute making municipalities liable for defective sidewalks, an action would not lie for injuries sustained by reason of defects in such walk.

Error to Allegan.   (Arnold, J.)   Argued June 19, 1889. Decided July 11, 1889.

Negligence case.   Defendant brings error.   Reversed. The facts, and points of counsel passed upon by the Court, are stated in the opinion.

*Ed. J. Anderson,* for appellant.

*Jacob V. Rogers,* for plaintiff.

MORSE, J.   The plaintiff, a married woman, residing in the village of Plainwell, in Allegan county, on the twenty-ninth day of November, 1886, was severely injured by a fall which she received upon a walk built upon the approach to a bridge across the Kalamazoo river.

In this suit she recovered a judgment against the defendant township, whose duty it was to keep the said bridge in good repair, and reasonably fit and safe for travel, in the circuit court for the county of Allegan, before a jury, in the sum of $2,000.

Various objections are urged in this Court against the judgment, but in the view which we take of the case it will be necessary to notice but one of them.

It is conceded that this accident was occasioned by the condition of a walk. This was, in fact, a sidewalk built of plank upon the approach to the bridge, which approach was made of dirt. One end of this plank walk connected with the bridge, and the other with the sidewalk on the street leading to the bridge in the village of Plainwell. There was a stone wall running from the abutment of the bridge to the bank on each side, and this was filled in with dirt, making an approach to the bridge. This dirt approach was on a level from wall to wall. On each side stringers were laid on the dirt, and a plank walk laid upon the stringers for the accommodation of foot passengers. It was upon one of these walks that the plaintiff received her injury.

There is no dispute as to this, although there is some contention as to whether the spot where the accident occurred was on the approach to the bridge or not. If not on the approach, it is conceded that the township of Gun Plains is not liable, as the streets in the village of Plainwell are under the care and control of the village.

There is a sidewalk on the bridge on each side for foot passengers, and the sidewalk where plaintiff was injured is the connecting link between the sidewalk on the bridge and the sidewalk on the street.

At the time of this accident, municipalities in this State were not liable for injuries received on account of defective sidewalks. It is our opinion that this walk was a "sidewalk" in fact and in law, the same exactly as a sidewalk upon the street, and was not a part of the approach proper to the bridge, or the bridge, any more than a plank sidewalk on the street would be a part of the street. It was built and used for the same purposes, to wit, for the accommodation of foot passengers.

The court should have charged the jury as requested:

"It appears from the plaintiff's undisputed testimony that the injury complained of was caused by a defective sidewalk,

and hence she cannot recover; and such would be the case even though the sidewalk was upon the approach."

The judgment is reversed, with costs of both courts, and a new trial granted.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.