## HERMAN KANNENBERG v. THE CITY OF ALPENA.

*Municipal corporations—Personal injuries—Ice upon sidewalk.*

A city is not liable for an accident caused by the formation of ice upon a sidewalk from natural causes, and without fault upon its part, from snow which fell in the adjoining highway.

Error to Alpena. (Kelley, J.) Argued March 8, 1893. Decided June 16, 1893.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*W. E. Depew*, for appellant, contended:

1. As the icy condition of the walk was not the result of neglect to remove naturally-accruing ice and snow, but was caused by

|  |  |
|---|---|
| 96 | 53 |
| 103 | 14 |

| | |
|---|---|
| 96 | 53 |
| 109 | 409 |
| 109 | 412 |

| | |
|---|---|
| 96 | 53 |
| 117 | 660 |

| | |
|---|---|
| 96 | 53 |
| 152 | 449 |

| | |
|---|---|
| 96 | 53 |
| 156 | 635 |

the action of the defendant in bringing a quantity of water to the catch-basin, and permitting the basin to be in such a condition that the water could not go through, thus forcing the water onto the sidewalk, where it froze, the case was a proper one for the jury; citing *Canfield v. Railway Co.*, 78 Mich. 356; *Corbett v. City of Troy*, 53 Hun, 228.

*J. D. Turnbull,* for defendant.

HOOKER, C. J.   Plaintiff brought an action against defendant to recover damages for a personal injury, occasioned by slipping down upon the ice on a highway. It is contended by defendant's counsel that the evidence conclusively shows that the plaintiff was not upon the sidewalk when he slipped. No witness swears clearly that he slipped upon the sidewalk, but the plaintiff stated once in his testimony that he was on the sidewalk when he fell. We shall therefore treat the question as one for the jury.

The trial judge directed a verdict for defendant upon the ground that there was no evidence that the street was not in a reasonably safe condition for travel. The street had been recently paved, in the course of which the center of the highway was made higher than the existing sidewalks. It had previously been somewhat lower. The street was paved with cedar blocks, so laid as to make a gutter outside of the sidewalk. In this gutter was a catch-basin for the sewer, close to the place of the accident. This catch-basin had become filled up or stopped, so that the water did not run off, and, the weather being warm, the water accumulated at that point, and flowed upon the outer edge of the sidewalk, where it froze, and, it being covered with manure and dirt, plaintiff fell, and was injured.

It is claimed that defendant did not keep its walk in a reasonably safe condition for travel. Unless the municipalities of the State are to be made insurers against

accident, it is difficult to see how the plaintiff can be permitted to recover. Just what duty the city neglected is not stated. By the paving improvement, the water flowed upon the sidewalk and froze. Had it not been made, it would have flowed upon the road, where it would have frozen, and made it possible for an accident to happen there. No fault is found with the construction of the catch-basin, and upon the whole record it is plain that from natural causes, without fault upon the part of the city authorities, some ice formed from the snow which fell in the highway. No liability attaches under such circumstances.

Some cases have been cited in support of the plaintiff's claim, but they relate to instances where, by neglect of the hydrants or waterspouts, water was permitted to drop upon the walk, where it froze. These cases are clearly distinguishable from the case before us.

The judgment must be affirmed.

The other Justices concurred.