## MARY HUTCHINSON v. THE CITY OF YPSILANTI.

*Municipal corporations—Defective streets—Accumulations of snow and ice.*

The intention of the Legislature to create a liability on the part of municipalities for injuries received by reason of the accumulation along the sides of the streets and at the street crossings of snow removed from sidewalks for foot travel, and, in cases of deep snows, removed to clear a track in the streets for the passage of vehicles, which snow has been changed by the weather to ice, does not appear in the statute imposing liability upon municipalities for defects in public highways.

Error to Washtenaw. (Kinne, J.) Argued June 21, 1894. Decided December 18, 1894.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*F. Hinckley,* for appellant.

*John P. Kirk (J. Willard Babbitt,* of counsel), for defendant.

GRANT, J. The plaintiff's cutter was overturned by an accumulation of snow and ice on a street of the defendant city. Some of the snow had been thrown off the street-car tracks by the street-car company, where they curve around the corner of Cross and Washington streets, and some thrown off the sidewalk and crosswalk. About a week before the accident, there had been a heavy snow, and other snows had fallen meanwhile, making an average depth of one foot. The first snow was also accompanied by rain. Plaintiff and her husband drove upon this ridge in turning the corner.

Plaintiff claims the right of recovery under the statute imposing liability upon municipalities for defects in public highways. The court held that the case was ruled by *McKellar v. City of Detroit,* 57 Mich. 158. We think the instruction correct. See, also, *Rolf v. City of Greenville,* 102 Mich. 544.

The cases of *Joslyn v. City of Detroit,* 74 Mich. 458, and *Hayes v. City of West Bay City,* 91 Id. 418, do not control the case at bar. In the former a pile of sand had been left in the street by the express authority of the city for about four weeks. In the latter, a building, which was being removed, was in the street, by the express authority of the city, and under the supervision of its officers. In each the city was an active agent in placing the obstruction.

In some municipalities lot-owners are required by ordinance to clear their sidewalks, and in others it is done by

the municipality by the use of snowplows. Private persons and municipalities have the right to remove the snow from sidewalks for foot travel, and, in cases of deep snows, to clear a track in the highways for the passage of vehicles. This necessarily implies the piling up of snow to a greater or less extent along the sides of the streets and at the crossings. It would be unjust to hold municipalities liable for damages for such accumulations which have been changed by the weather to ice. The intention of the Legislature to create such a liability must clearly appear. It does not appear in the statute. The reasons of this holding are stated with great clearness in the McKellar case.

Judgment affirmed.

LONG and HOOKER, JJ., concurred with GRANT, J.

McGRATH, C. J.   Plaintiff was thrown out of a cutter, and injured, while traveling along one of the public streets of the defendant city. The cutter was overthrown by reason of a ridge of snow and ice formed near a crosswalk, by the scraping of snow from street-railway tracks which occupied the street. The court below, upon the authority of *McKellar v. City of Detroit,* 57 Mich. 158, directed a verdict for defendant. That, however, was a case where the ridge was formed by natural accumulations as affected by ordinary use, and in that respect is similar to the more recent case of *Kannenberg v. City of Alpena,* 96 Mich. 53. But the rule underlying the McKellar case was that an accumulation of ice and snow cannot be said to be a defect in the street or walk, within the contemplation of the statute.

In *Joslyn v. City of Detroit,* 74 Mich. 458, it was held that the statute made it the duty of the municipality, not only to repair defects, but to keep the street in a condition reasonably safe for travel. If the doctrine of that case is

to be adhered to, the McKellar case must be regarded as overruled, and the present case, and any case where a walk or street is rendered unsafe by the presence thereon of ice or snow, must be held to be covered by the statute; for, if a ridge is formed by ordinary use, or by the slewing of a sled, or by the drifting of the snow, or if ice is formed upon walks by the elements, neither is any the less unsafe by reason of the manner of its formation. The test applied in all cases must be,—and that is a question for the jury,—was the street or walk in a condition reasonably safe for travel? Under this ruling, a brick, a piece of ice, or a stick of cordwood which falls from a load, becomes a source of liability. The street itself may have been but recently paved, and put in the best of order; yet, within a few days, the municipality may be mulcted in heavy damages by the purest accident, the carelessness of some individual, or the action of the elements.

The cases of *Bowen v. Railway Co.*, 54 Mich. 496; *Wallace v. Railway Co.*, 58 Id. 231; and *Laughlin v. Railway Co.*, 62 Id. 220,—do not depend upon the Joslyn case. They were brought against the persons creating the nuisance. The Bowen case antedates the McKellar case. Under the rule in the Joslyn case, the municipality was liable in each of these cases. The use of streets by street railways is a mode of use provided by the Legislature, and yet for carelessness in that mode of use, not affecting the body of the street proper, the city is liable. The statute, as respects this question, was the same when the Joslyn case was decided as it was when the McKellar case was disposed of.

The title of the act of 1879 is—

" An act for the collection of damages sustained by reason of defective public highways, streets," etc.

The title of the act of 1887 is—

"An act to provide for the recovery of damages for injuries caused or sustained by reason of defective public highways, streets," etc.

Clearly, the language in the first section "in condition reasonably safe and fit for travel" is in the nature of a saving clause. This is, it seems to me, made clear by the language used in sections 2 and 3. The second section provides that if any horse or other animal, or any cart, carriage, or vehicle, or other property, shall receive any injury or damage by reason of neglect by any township, etc., whose duty it is to keep such public highway, etc., *in repair*, such township shall be liable, etc. Section 3 provides:

"It is hereby made the duty of townships    *    *    *
*to keep in reasonable repair, so that they will be reasonably safe and convenient for public travel,* all public highways,    *    *    *    and when the means now provided by law are not sufficient to enable any township    *    *    *.
to keep its public highways    *    *    *    *in good repair,.*
such township    *    *    *    is hereby authorized to levy such additional sum    *    *    *    as will enable it to keep its public highways    *    *    *    *in good repair.*"

The Joslyn case is opposed to a number of the earlier decisions of this Court, as is demonstrated by Mr. Justice CAMPBELL in a dissenting opinion in that case. I think that the Joslyn case should be overruled, and the ruling of the court below in the present case sustained. There was no sufficient evidence in the present case warranting the court in submitting to the jury the question as to whether the city had not taken part in the creation of the obstruction.

The judgment should be affirmed.

MONTGOMERY, J., did not sit.