WESLEY *v.* CITY OF DETROIT.[1]

Municipal Corporations—Sidewalks—Ice and Snow.

Upon paving a street, defendant lowered the sidewalk, so that it lay 18 inches below a sidewalk on an intersecting street, with which it had previously been level. About three feet of the intersecting walk, which lay six inches above the ground, being cut off, the earth gradually wore away, so that the earth walk inclined 12 inches in the three feet. Upon this inclined walk, ice and snow collected, and plaintiff, attempting to pass over it, slipped and was injured. *Held,* that the walk, except for the ice and snow, was in a reasonably safe condition, and that the case was within the rule that a municipality is not liable for accidents caused by the natural accumulation of ice and snow upon its walks. Moore and Montgomery, JJ., dissenting.

Error to Wayne; Hosmer, J. Submitted April 26, 1898. Decided July 18, 1898.

Case by Henry Wesley against the city of Detroit for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*May & Moloney,* for appellant.

*John J. Speed,* for appellee.

Grant, C. J. I think the court was correct in directing a verdict. The sidewalk was in a condition in which the city had a right to leave it. If there had been a plank or stone walk of the same incline as the ground, it would have been equally, if not more, dangerous. It was not unsafe or dangerous in its original condition. It was made unsafe solely by the accumulation of ice and snow.

---

[1] Rehearing denied December 28, 1898.

Sidewalks and streets must have inclines, and, whatever may be the decisions of the courts of other States, it is settled in this State that municipalities are not liable for accidents caused by the natural accumulations of ice and snow. *Gavett* v. *City of Jackson,* 109 Mich. 408 (32 L. R. A. 861); *Hutchinson* v. *City of Ypsilanti,* 103 Mich. 12. See, also, authorities cited in these two cases. All inclined sidewalks become dangerous for pedestrians when covered with ice. All the law requires is that the municipality shall keep them otherwise in a reasonably safe condition.

The judgment is affirmed.

HOOKER and LONG, JJ., concurred with GRANT, C. J.

MOORE, J. (*dissenting*). Perry street intersects Grand River avenue at right angles. Until the fall of 1892 the sidewalks on the two streets were on the same level. Late in the fall of 1892 the two streets were paved, and the cross-walks on both streets were lowered, as was the sidewalk on Grand River avenue. This left the walk on Perry street about 18 inches higher where it joined the sidewalk on Grand River avenue than the sidewalk on the last-named street. About 3 feet of the sidewalk on Perry street was cut off, leaving a drop from the top of the plank to the ground of about 6 inches. From the end of the walk as cut off to the walk on Grand River avenue the earth was left exposed, and the earth wore away, so it became inclined. The incline reached to the Grand River avenue walk. The drop in the earth was about 12 inches in the 3 feet. The city authorities knew of the condition of this walk for some time before the accident occurred. The plaintiff lived on Perry street. He did business on Grand River avenue, and knew the condition of the walk. He necessarily passed over it in going to and from his home, unless he went two or three blocks farther to reach his home. This was a much-traveled highway. This portion of the sidewalk became partially covered with snow

and ice. In February, 1893, plaintiff attempted to pass over it. He slipped and fell, and sustained injuries for which this action was brought. The learned trial judge directed the jury to return a verdict in favor of the city, upon the ground that the proximate cause of the injury was not the defect in the walk, but was the natural accumulation of ice and snow. The plaintiff brings the case here by writ of error.

It is the contention of the counsel for the city that the action of the circuit judge is justified by the cases of *McKellar* v. *City of Detroit*, 57 Mich. 158 (58 Am. Rep. 357); *Kannenberg* v. *City of Alpena*, 96 Mich. 53; *Rolf* v. *City of Greenville*, 102 Mich. 544; *Hutchinson* v. *City of Ypsilanti*, 103 Mich. 12; *Gavett* v. *City of Jackson*, 109 Mich. 408 (32 L. R. A. 861). An inspection of these cases shows that none of them are like the case at bar. In none of them was there any claim that there was any defect in the construction of the sidewalk or street where the accident occurred. The effect of these decisions is that there is no liability on the part of municipalities for injuries resulting from the accumulation of snow and ice where there is no defect in the construction of the street or walk where the injury occurred. Here it was the claim of the plaintiff that the walk was defective and dangerous. He gave proof tending to show this was true. He also offered testimony tending to show that it was the declivity and slope that made him fall, and, if it had not been for the slope, he would not have slipped. In *Perkins* v. *City of Fond du Lac*, 34 Wis. 435, it is said:

" The mere slippery condition of a sidewalk, arising from the ordinary action of the elements [as snow and ice], is not a defect which renders the town or city liable; but if the walk is in other respects unskillfully or improperly built, so as unnecessarily to increase the danger of persons walking thereon while it is covered with snow and ice, this will render it defective or insufficient, within the meaning of the statute."

In *Hill* v. *City of Fond du Lac*, 56 Wis. 242, it is said:

" Under the evidence, the question was not whether the mere sudden declivity in the sidewalk, in the absence of any storm or freezing, would have been dangerous, nor whether the mere storm and freezing weather, in the absence of the walk in question, and with a walk differently constructed, would have caused danger; but whether that walk so constructed, with such ice and snow as would ordinarily accumulate upon it, during such severe storms and freezing weather as ordinarily occur at that season of the year, at the place of the injury, would be unsafe for travelers upon it. If in that condition and under such circumstances it was unsafe, then it was defective, and it was the province of the jury to determine that question."

See, also, *Grossenbach* v. *City of Milwaukee*, 65 Wis. 31 (56 Am. Rep. 614); *City of Atchison* v. *King*, 9 Kan. 550; *Pinkham* v. *Inhabitants of Topsfield*, 104 Mass. 78; *Adams* v. *Inhabitants of Chicopee*, 147 Mass. 440; *Hampson* v. *Taylor*, 15 R. I. 85; *Lindsay* v. *City of Des Moines*, 74 Iowa, 111.

We think the question should have been submitted to the jury as to whether or not the walk, at the time of the accident, was in such a defective condition as not to be reasonably safe and fit for travel.

It is urged on the part of the city that, as plaintiff knew the condition of the walk, he was guilty of negligence in attempting to pass over it, and for that reason cannot recover. This feature of the case has frequently been before the courts of this State, and it has been held that, because one knows a walk is in a defective condition, it does not follow he must not pass over it. The rule is stated in *Schwingschlegl* v. *City of Monroe*, 113 Mich. 683, where there is a collation of the authorities.

Judgment should be reversed, and a new trial ordered.

MONTGOMERY, J., concurred with MOORE, J.