REX v. VILLAGE OF LOCHMOOR.

1. MUNICIPAL CORPORATIONS—SIDEWALKS—GUARD RAILS.
   A village is not an insurer of its sidewalks but must maintain them in a reasonably safe condition for travel and may also be liable for failure to maintain guard rail to protect pedestrians (1 Comp. Laws 1929, § 4223).

2. SAME—NEGLIGENCE—SIDEWALKS—MAINTENANCE—GUARD RAILS.
   Jury could reasonably find negligence on part of village in maintaining slippery sidewalk sloping downwardly to low ground and toward a precipitous drop to water with no guard rail to protect pedestrians for a period of more than 30 days, it being a jury question where reasonable and prudent men may fairly disagree upon how duty of maintenance by village shall be performed, including the question of whether or not guard rails should have been maintained.

3. BRIDGES—SIDEWALKS—TOWNSHIPS—VILLAGES.
   Sidewalk constructed in accordance with village powers and duties as prescribed by charter *held*, a sidewalk in fact and law and not a part of approach proper to bridge built and maintained by township, so as to render village liable for death of nine-year old boy from drowning through its failure to maintain sidewalk in safe condition for pedestrians (1 Comp. Laws 1929, § 4545).

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 24, 1934. (Docket No. 143, Calendar No. 37,770.) Decided July 2, 1934.

Case by Orvial O. Rex, administrator of the estate of Wilbur Sherman Rex, deceased, against Village of Lochmoor, a municipal corporation, for death of plaintiff's decedent from drowning alleged to have been due to negligence of village in maintaining sidewalk. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Anderson, Wilcox, Lacy & Lawson* (*Earl L. Shimer,* of counsel), for plaintiff.

*Colby, Berns & Costello,* for defendant.

FEAD, J. Plaintiff had judgment for negligent injuries to Wilbur Rex, nine years old, resulting in his death by drowning. The question is upon the duty of defendant to maintain a sidewalk in a reasonably safe condition for public travel and to provide guard rails at the approach to a bridge.

The bridge was built by the township but is within the corporate limits of defendant village. Some 60 feet away the road between the sidewalks is wider than the bridge and the sidewalk in question curves in to meet the bridge; 25 feet away the sidewalk begins to narrow from 6 feet wide and reduces to 3 feet 6 inches wide at the bridge. The sidewalk is of cement but it is claimed it was rough and broken close to the bridge and was covered with wet clay and dirt in places so that the edge of the walk could not be seen. It is said it had been so covered for more than 30 days prior to the injury.

A cement wing or retaining wall extended diagonally away from near the end of the bridge. The top of the wall was 5 feet from the water and 16 inches below the sidewalk. Between the wing and sidewalk the ground was low and covered with weeds. The sidewalk sloped downwardly toward the low ground, the outer edge being lower than the inner.

It is claimed that while Wilbur and two other children were going to the school playground, Wilbur slipped on the clay on the sidewalk a short distance from the bridge proper, was thrown into the river and drowned. The photographs demonstrate that a person, slipping at the place it is said Wilbur

began to fall, easily could be precipitated into the water.

It is true that a village is not an insurer of its sidewalks but it must maintain them in a reasonably safe condition for travel. 1 Comp. Laws 1929, § 4223. In cases where reasonable and prudent men may fairly disagree upon how the duty shall be performed, the question is for the jury. With a slippery sidewalk sloping downwardly to low ground and toward a precipitous drop to water and no guard rail to protect a pedestrian, a jury reasonably could find negligence. *Navarre* v. *City of Benton Harbor*, 126 Mich. 618.

It is contended it was the duty of the township to maintain the bridge itself and the approaches. 1 Comp. Laws 1929, § 4545; *Shaw* v. *Township of Saline*, 113 Mich. 342. But, by the charter of the village, it had the control of and duty to maintain sidewalks. The sidewalk was constructed in accordance with village powers and duties, was a sidewalk in fact and in law, and was not a part of the approach proper to the bridge. *Saunders* v. *Township of Gun Plains*, 76 Mich. 182. Even though the township might have been liable for the failure to maintain guard rails, in case of accident resulting from the use of the road, the village, in assuming control of part of it by the construction of a sidewalk, must also maintain that part so controlled in a reasonably safe condition and may also be liable for the failure to maintain guard rails to protect pedestrians. Whether a guard rail should have been maintained presented a question for the jury. *Shaw* v. *Township of Saline, supra.*

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.