JOHNSON *v.* CITY OF PONTIAC.

1. MUNICIPAL CORPORATIONS—SIDEWALKS—STATUTES.
    Liability of a city for failure to keep its sidewalks in repair is statutory (1 Comp. Laws 1929, §§ 4223, 4225).

2. SAME—NOTICE OF DEFECT IN SIDEWALK.
    Evidence *held,* to justify conclusion that defendant city had ample notice of defect in sidewalk where plaintiff received injuries (1 Comp. Laws 1929, § 4228).

3. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.
    On appeal from judgment for defendant notwithstanding verdict for plaintiff, latter is entitled to have evidence reviewed in light most favorable to her claim.

4. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — PROXIMATE CAUSE—ICE AND SNOW.
    In action against city for personal injuries alleged to have been received because of defective sidewalks, plaintiff may not recover if fall was due solely to presence of ice and snow.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
    Contributory negligence is not imputable to one who fails to look for a danger when, under the circumstances, no reason to apprehend such danger exists.

6. SAME—DISCOVERY OF DANGER.
    Normal adult persons must exercise their faculties for their own protection to avoid injury and make such use of them as to discover dangerous situations which may be presented.

7. MUNICIPAL CORPORATIONS — SIDEWALKS — CONTRIBUTORY NEGLIGENCE.
    In action against city for personal injuries, sustained because of defective sidewalk, notwithstanding apparent negligence of city, plaintiff who knew of such defect, could see it and had its condition in mind at the time but failed to walk around it *held,* guilty of contributory negligence as a matter of law.

Appeal from Oakland; Rogers (Goodloc H.), J. Submitted April 22, 1936. (Docket No. 76, Calendar No. 38,807.) Decided June 11, 1936.

Case by Jennie Johnson against City of Pontiac, a municipal corporation, for personal injuries sustained as result of a defect in the sidewalk. Verdict for plaintiff. Judgment for defendant notwithstanding verdict. Plaintiff appeals. Affirmed.

*Lightner, Crawford, Sweeny, Dodd & Toohy,* for plaintiff.

*William A. Ewart,* for defendant.

BUSHNELL, J. The trial judge having reserved decision under the provisions of 3 Comp. Laws 1929, § 14531, on defendant's motion for a directed verdict, entered a judgment for defendant notwithstanding the verdict, the jury having found for plaintiff in the sum of $8,375. Plaintiff appeals.

On December 9, 1933, Mrs. Johnson suffered severe injuries as the result of a fall sustained while walking over or around a piece of defective sidewalk near her home. The accident happened in the daytime and in the presence of a neighbor who had accompanied her down town. The day was clear, but it had snowed the previous day and there was an accumulation of ice and snow upon the walk. The defect in the sidewalk, an upheaval, was probably caused by the roots of a nearby tree and the break in the pavement had existed for at least the period during which the plaintiff had lived in its vicinity, about nine years. The area of the defect was about three feet by two and a half feet; at its north edge the concrete jutted about three inches

above the level of the remainder of the sidewalk and there were several other breaks.

The liability of cities for this class of injuries is statutory, 1 Comp. Laws 1929, § 4223; *Buhler* v. *City of Detroit,* 274 Mich. 139, and it is the duty of defendant to keep its sidewalks in repair. See 1 Comp. Laws 1929, § 4225. The facts justify the conclusion that defendant had ample notice of the defect.[*]

Plaintiff may, therefore, recover if she is free from contributory negligence and is entitled in this appeal to have the evidence reviewed in a light most favorable to her claim. *Reed* v. *Ogden & Moffett,* 252 Mich. 362. She cannot, however, recover if her fall was due solely to the presence of ice and snow. *Wesley* v. *City of Detroit,* 117 Mich. 658 (4 Am. Neg. Rep. 651), and *Hopson* v. *City of Detroit,* 235 Mich. 248 (48 A. L. R. 1150). Contributory negligence is not imputable to one who fails to look for a danger when, under the circumstances, no reason to apprehend such danger exists. *Lawrence* v. *Bartling & Dull Co.,* 255 Mich. 580.

Normal adult persons must exercise their faculties for their own protection in order to avoid injury, *Evans* v. *Orttenburger,* 242 Mich. 57, and must make such reasonable use of their sight, hearing and intelligence to discover dangerous situations which may be presented. *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich. 49.

Plaintiff was familiar with the defective sidewalk and apprehended its dangerous condition at the time of the accident. She said:

"It was so rough so I didn't dare to walk on it * * * and that is the reason I didn't take any

---

[*] See 1 Comp. Laws 1929, § 4228.—REPORTER.

chances to step over it, because I didn't know just where I could step, there was snow there and ice in between. * * * I turned around like this and Mrs. Newton she stood there * * * and I say 'don't let us walk on it, it is too dangerous, let us cross over,' and she stood right there. I couldn't cross this way because I couldn't push Mrs. Newton out of the way * * * and I had to cross over in this direction. * * * I saw her start out here, it was clear, what I thought was clear, and that ridge was right here and I thought that was clear, but my heel caught and I couldn't get over and it tripped me and it turned me right over and I wrenched my knee and I went right down on that leg and it broke my leg."

Plaintiff's companion corroborated this testimony and said:

"It was in front of a vacant lot. As Mrs. Johnson and I approached the place where the accident happened, we were walking along on the left-hand side of the sidewalk. Mrs. Johnson was on the east side of me, and both Mrs. Johnson and I were on the sidewalk. We walked along until we reached a point about ten inches from the tree when she stopped and says, 'Be careful, Mrs. Newton, there is a bad spot here.' At that time I was on her right-hand side. After stopping at that point and calling attention to a bad spot, she stepped over here a little bit. * * *

"Q. You are indicating that she took a step off of the sidewalk?

"A. Yes, and I stepped here and she spoke about this bad spot and she stepped like this in this low spot to get away from that ridge but her heel struck the ridge and she went around like this and fell down."

Plaintiff knew she must avoid the defective area and in attempting to do so misjudged the distance

at which she should have begun her detour. There is nothing in the record except the proximity of the tree and her companion to indicate that she was prevented from walking around the dangerous spot; it did not extend the entire width of the sidewalk and the women could, if they desired, have passed in a single file.

The negligence of defendant city is apparent, but plaintiff's contributory negligence precludes possibility of recovery. She had knowledge of the defect, could see it at the time, had its condition in her mind and her attention was not distracted by any other cause. The situation is further distinguishable from many of those in the authorities cited by plaintiff in that the accident happened in broad daylight.

The trial judge was correct in holding that plaintiff was guilty of contributory negligence as a matter of law. *Vergin* v. *City of Saginaw,* 125 Mich. 499; *Vincent* v. *City of Detroit,* 209 Mich. 542.

The judgment is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.