HAMPTON v MASTER PRODUCTS, INC

Docket No. 77-3103. Submitted June 23, 1978, at Detroit.—Decided July 18, 1978. Leave to appeal applied for.

Dolly M. Hampton, a deaf mute, slipped on a snowbank formed on a sidewalk located in front of a building owned by Master Products, Inc., in the Village of Yale, and suffered an impacted fracture of her wrist. Subsequently Dolly M. Hampton commenced an action for damages for personal injuries against Master Products, Inc., and the Village of Yale. A verdict of no cause of action was returned as to defendant Master Products, Inc. As to the defendant Village of Yale, a judgment was entered awarding the plaintiff $55,000, St. Clair Circuit Court, Halford I. Streeter, J. Defendant Village of Yale appeals. *Held:*

1. The accumulation of snow on the sidewalk was an unnatural accumulation formed by the municipality's employees in cleaning adjacent streets. As such, the municipality could be liable for injuries caused by the accumulation.

2. There was adequate evidence introduced to allow the jury to find that the municipality had reasonable notice of the accumulation to impose a duty on the municipality to clear the sidewalk of the unnatural accumulation of snow.

3. Sufficient evidence was introduced to show that the sidewalk was a public way.

4. The verdict of $55,000 was not excessive and was justified by the evidence, in part because the plaintiff communicates through sign language and is less able to do this because of the constant pain and stiffness in her arm and shoulder.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges § 506 *et seq.*
[1–4] Municipal liability for injuries from snow and ice on sidewalk. 39 ALR2d 782.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 513, 514.
[4] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 509, 512.
[5] 39 Am Jur 2d, Highways, Streets, and Bridges § 512.
[6] 58 Am Jur 2d, New Trial §§ 212, 213.

1. NEGLIGENCE—HIGHWAYS—STREETS—SIDEWALKS—SNOW AND ICE—
    PUBLIC AUTHORITIES.

    The mere presence of snow or ice on a highway, street, or
    sidewalk in wintertime, which causes travelers difficulty, does
    not constitute negligence on the part of public authorities.

2. NEGLIGENCE—MUNICIPAL CORPORATIONS—ACCUMULATIONS OF ICE
    AND SNOW—NATURAL CAUSES—UNNATURAL CAUSES.

    A municipality in Michigan is not negligent if it fails to protect
    pedestrians from dangers to life and health which are caused
    by the natural accumulations of ice and snow on sidewalks;
    however, when the accumulation of ice and snow is the result
    of unnatural causes, the municipality may be liable; in order to
    render a municipality liable, the interference with travel must
    be unusual or exceptional, that is, different in character from
    conditions ordinarily and generally brought about by weather
    in a given locality.

3. NEGLIGENCE—SLIP AND FALL—MUNICIPAL CORPORATIONS—PUBLIC
    SIDEWALKS—ACCUMULATION OF ICE AND SNOW—UNNATURAL
    ACCUMULATION—PROXIMATE CAUSE—JURY QUESTIONS.

    The question of whether an unnatural accumulation of ice and
    snow on a public sidewalk was the proximate cause of a
    plaintiff's injuries in a fall on the public sidewalk is properly
    left to the jury.

4. MUNICIPAL CORPORATIONS—PUBLIC SIDEWALKS—ACCUMULATION OF
    ICE AND SNOW—DUTY TO REMOVE—NOTICE.

    The duty resting on municipalities to remove accumulations of
    ice and snow from their sidewalks is a qualified one, and
    becomes imperative only when artificial formations or obstacles
    have been created and notice of their existence has been
    received by the municipalities; this notice may be actual or
    constructive, but actual notice is no more effective than con-
    structive notice.

5. NOTICE—ADEQUACY OF NOTICE—FACTS AND CIRCUMSTANCES.

    The adequacy of notice always depends on all the facts and
    circumstances of a given case; it is measured by whether the
    notice is reasonable under those facts and circumstances.

6. COURTS—VERDICTS—NEW TRIAL—EXCESSIVE VERDICT—DISCRETION.

    Denial of a defendant's motion for a new trial based on an
    excessive verdict is not an abuse of discretion where the verdict
    is supported by the evidence and is not shocking to the judicial
    conscience.

*Cummings, Monaghan, Thomas & McColl* (by *John C. McColl* and *John B. McNamee),* for plaintiff.

*Bush, Luce, Henderson, Black & Bankson,* for defendant Village of Yale.

Before: R. M. MAHER, P. J., and J. H. GILLIS and McGREGOR,* JJ.

PER CURIAM. Defendant Village of Yale appeals a jury verdict awarding $55,000 to plaintiff Dolly Hampton. Plaintiff is a deaf mute who slipped on a snowbank formed on a sidewalk located in front of defendant Master Products' building. The sidewalk in question is located in the Village of Yale. As to Master Products, Inc., a verdict of no cause of action was returned. Defendant Village of Yale appeals as of right.

In her complaint plaintiff alleged that "the Village of Yale was under a duty to keep the sidewalks in a condition safe for public travel. The Village failed to do so and allowed a public nuisance to remain and cause the sidewalk to become hazardous to public travel."

Plaintiff's exhibits clearly showed a snowbank as it covered the sidewalk. She testified that as she walked over the drift (she did not walk in the street because there were cars parked in that area) she sank into the snow, lost her balance and fell against the fence on the sidewalk. She was diagnosed as having an impacted fracture of her wrist.

The Village of Yale's duty to maintain highways is governed by MCL 691.1402; MSA 3.996(102), which provides

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel. may recover the damages suffered by him from such governmental agency."

MCL 691.1401(e); MSA 3.996(101)(e) defines highway to include sidewalks such as the one involved in this case.

The mere presence of snow or ice on a highway, street, or walk in wintertime, which causes travelers difficulty, does not constitute negligence on the part of the public authorities. A municipality in Michigan is not negligent if it omits to protect pedestrians from dangers to life and health which are caused by the accumulations of ice and snow on sidewalks from natural causes. *Mayo v Village of Baraga,* 178 Mich 171; 144 NW 517 (1913). See also *Wesley v Detroit,* 117 Mich 658; 76 NW 104 (1898), and *Johnson v Pontiac,* 276 Mich 103; 267 NW 795 (1936).

When, however, the accumulation of ice and snow is the result of unnatural causes, the municipality may be liable. In order to render a municipality liable, the interference with travel must be unusual or exceptional, that is, different in character from conditions ordinarily and generally brought about by winter weather in a given locality. 39 Am Jur 2d, Highways, Streets and Bridges, § 506, p 906.

In *Pappas v Bay City,* 17 Mich App 745; 170 NW2d 306 (1969), the plaintiff slipped on ice that had accumulated in a depression in a sidewalk. This Court referred to it as "an unnatural accumu-

lation of ice". 17 Mich App at 753. Consequently, it was held to be a jury question as to whether the defendant city discharged its duty to keep the sidewalk in reasonable repair.

Earlier, in *Johnson v Marquette,* 154 Mich 50; 117 NW 658 (1908), the Supreme Court had called attention to the consequences of an unnatural accumulation.

"We do not think it open to serious question that there was evidence in this case that at this crossing there was an *unnatural accumulation* of snow and ice, occasioned by shoveling from the railroad track, so as to produce a hump on either side of the track of several inches in depth; thus increasing the height of the bank on either side. We think it was at least a question for the jury as to whether this left the highway in a condition reasonably safe and fit for travel. It is true that the natural accumulations of snow and ice and the natural results of traveling on the same do not of themselves make a case of faulty highway which justifies a jury in finding a municipality in fault. But that is not this case, as the evidence was ample to show that snow was thrown and piled on this highway in such a manner as to make an unnatural hump or ridge on either side of the track. 154 Mich at 53–54.

Whether this condition was the proximate cause of the injury was, the Court said, a question properly left to the jury.

*Perl v Cohodas, Peterson, Paoli, Nast Co,* 295 Mich 325; 294 NW 697 (1940), states simply the test for a municipality's liability for injuries from snow or ice upon its sidewalks:

"In such cases the criterion is whether the danger was caused by natural or unnatural and artificial conditions." 295 Mich at 335.

The Court's opinion then notes that if the condi-

tions were unnatural, the municipality can be held liable.

The accumulation of snow in the present case must be termed unnatural. Exhibits revealed that the snow bank was much higher than any snow surrounding it; indeed, most of the pavement nearby was bare. Testimony, never contradicted or denied by the Village of Yale, suggested that the village had plowed the street adjacent to the side-walk. A jury could reasonably infer from this that the village was responsible for the unnatural accumulation of snow.[1]

This unnatural accumulation created an obstruction on the sidewalk which should have been removed so that the village could fulfill its duty of keeping the highways "reasonably safe and convenient for public travel". MCL 691.1402; MSA 3.996(102). The village was liable for injuries caused by its negligent failure to remove the obstruction after it had notice thereof. *Kowalczyk v Bailey,* 379 Mich 568; 153 NW2d 660 (1967).

"It is our conclusion, therefore, that that statute [similar in all relevant parts to the statute in the instant case] imposed upon cities liability for injuries caused by their negligent failure to remove obstructions in their streets after notice thereof." 379 Mich at 572.

See also *Reich v State Highway Dep't,* 386 Mich 617; 194 NW2d 700 (1972).

By and large, the duty resting on municipalities to remove accumulations of ice and snow from

---

[1] In *Rex v Village of Lochmoor,* 268 Mich 159; 255 NW 748 (1934), our Supreme Court stated that while a municipality is not an insurer of its public sidewalks, it still has a duty to maintain them in a reasonably safe condition. Whether or not it has done so is generally a question for the jury. "In cases where reasonable and prudent men may fairly disagree upon how the duty shall be performed, the question is for the jury." 268 Mich at 161. In the case at bar, there was clearly enough evidence to submit the dispute to the jury.

their sidewalks is a qualified one, and becomes imperative only when artificial formations or obstacles have been created and notice of their existence has been received by the municipalities. This notice may be actual or constructive, but actual notice is no more effective than constructive notice. 19 McQuillin, Municipal Corporations (3d ed), § 54.107, pp 389–391. MCL 691.1403; MSA 3.996(103), the governing statute, provides that

"No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place."

In this case, the testimony revealed that the drift had been present two days and that the city had plowed the streets. The jury could reasonably have inferred that the defendant Village of Yale had caused the drift to be placed across the sidewalk through the use of its snowplows. A jury could deem the agents of Yale responsible for producing the drift where it was and as high as it was.

Defendant had reasonable notice of the snow bank. In two days the village should have been apprised of its existence—either actually or constructively. Not only did defendant's agents plow the adjacent street, but the sidewalk in question is on a main thoroughfare which Yale's agents could be presumed to use on a regular basis. Whether notice is ever adequate depends on all the facts

and circumstances of a given case. It is measured by whether the notice is reasonable under those facts and circumstances. *Peters v Dep't of State Highways,* 400 Mich 50; 252 NW2d 799 (1977). Here we cannot say that the two day existence of the snowdrift is insufficient to give notice as required by MCL 691.1403; MSA 3.996(103).

Defendant makes two other claims of error which we briefly discuss. The village argues that nothing in the record shows that the sidewalk was a public way. We do not agree. The sidewalk, plaintiff testified, was adjacent to Main Street in the Village of Yale. It is not alleged that Main Street was not a public highway; therefore, a sidewalk adjacent to it is a "sidewalk on any highway". Plaintiff's exhibits clearly show that the snow bank was located on the sidewalk, not in a parking lot; and one of the employees of Master Products testified that the sidewalk in question was a city sidewalk.

Finally, appellant claims the verdict was excessive. We, however, find it was justified by the evidence. Plaintiff testified that she still constantly feels pain in her left arm and wrist, in addition to pain and stiffness in her shoulder. More importantly, as a deaf mute, she must communicate through sign language using her hands. But as a result of the accident she is less able to do this.

Under the circumstances the trial court did not abuse its discretion in denying a new trial based on the verdict, a verdict which resulted from a jury consideration of the evidence. Nor was the verdict shocking to the judicial conscience. *Cryderman v Soo Line R Co,* 78 Mich App 465; 260 NW2d 135 (1977). It should not be set aside.

Affirmed. Costs to appellee.