STORD v DEPARTMENT OF TRANSPORTATION

Docket No. 117963. Submitted October 9, 1990, at Lansing. Decided January 8, 1991, at 9:20 A.M. Leave to appeal sought.

Alberta and Arne Stord brought an action in the Court of Claims against the Michigan Department of Transportation alleging that Alberta Stord had been injured when as a result of icy road conditions she lost control of her automobile while driving on a state highway. The court, Norman A. Baguley, J., granted summary disposition for the defendant on the basis that no liability attached as a result of the failure of the defendant to remove a natural accumulation of snow and ice from the highway. The plaintiffs appealed.

The Court of Appeals *held:*

It continues to be the law of this state that a governmental agency that fails to remove a natural accumulation of ice or snow from a public highway is not negligent and is not liable for injuries resulting from the accumulation or from the natural result of travel on it.

Affirmed.

*Goodman, Eden, Millender & Bedrosian* (by *Robert A. Koory* and *Sheila A. Ellison*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Brenda E. Turner,* Assistant Attorney General, for the defendant.

Before: GILLIS, P.J., and MICHAEL J. KELLY and NEFF, JJ.

MICHAEL J. KELLY, J. On December 7, 1985, while traveling on a state highway, plaintiff Alberta Stord lost control of her automobile because of icy road conditions and struck an oncoming vehicle, resulting in serious injuries to Mrs. Stord.

Plaintiffs filed the instant action, claiming that defendant failed to maintain the highway in a condition which was reasonably safe and fit for travel. The trial court granted summary disposition pursuant to MCR 2.116(C)(8) and (10) in favor of defendant, holding that the road's condition resulted from a natural accumulation of ice and snow and that defendant was immune from liability for failing to remove the accumulation. Plaintiffs appeal as of right.

Plaintiffs first urge this Court to reject the historical distinction between natural and unnatural accumulations and hold that a governmental agency can be found negligent under MCL 691.1402; MSA 3.996(102) for failing to maintain public roads reasonably free of natural accumulations of ice and snow. It has long been the law in this state, however, that a governmental agency's failure to remove the natural accumulation of ice and snow on a public highway does not signal negligence of that public authority. *Johnson v Pontiac*, 276 Mich 103; 267 NW 795 (1936); *Johnson v Marquette*, 154 Mich 50; 117 NW 658 (1908); *McKeller v Detroit*, 57 Mich 158; 23 NW 621 (1885); *Sweetman v State Highway Dep't*, 137 Mich App 14; 357 NW2d 783 (1984); *Hampton v Master Products, Inc*, 84 Mich App 767; 270 NW2d 514 (1978). We decline to transcend precedent, and therefore affirm the trial court. Plaintiffs' claims that time, technology, and statutorily mandated maintenance have made that precedent obsolete are better presented to the Supreme Court.

Plaintiffs also urge that, assuming that the natural accumulation doctrine is still valid, there was a question of fact regarding whether the traffic over the snow compressed it, resulting in unnaturally accumulated ice. Again this question should be presented to the Supreme Court. We believe the

trial court properly relied on *McKeller v Detroit, supra* at 158, which was based on a fall occasioned by "a small ridge of ice formed by the trampling of snow, and melting and freezing, until the surface was uneven." See also *Johnson v Marquette, supra* at 53, in which the Court held that "the natural accumulation of snow and ice and the natural results of traveling on the same do not of themselves make a case of faulty highway which justifies a jury in finding a municipality at fault." Compare *Greenleaf v State Highway Dep't,* 90 Mich App 277; 282 NW2d 805 (1979), also relied on by the trial court.

Plaintiffs also assert that the natural accumulation combined with the contour of the highway presented a question of fact regarding whether the accumulation was unnatural. It is asserted by plaintiffs that, since the accident occurred on a hill, the accumulation should be deemed unnatural. Plaintiffs in effect argue defective design or construction of the highway. We, however, find no evidentiary support in the record for this assertion. The trial court properly granted summary disposition in favor of defendant.

Affirmed.