REESE v WAYNE COUNTY

Docket No. 129364. Submitted January 15, 1992, at Detroit. Decided March 3, 1992, at 9:15 A.M. Leave to appeal sought.

Scott E. Reese, as personal representative of the estate of Timothy S. Reese, deceased, brought an action in the Wayne Circuit Court against Wayne County, several of its employees, and others, seeking damages resulting from Timothy Reese's death in an automobile accident in Wayne County. The court, Lucile A. Watts, J., granted summary disposition in favor of the county and its employees, finding that no liability attached as a result of their failure to remove a natural accumulation of ice and snow from the highway. The plaintiff appealed.

The Court of Appeals *held:*

1. A governmental agency that fails to remove the natural accumulation of ice or snow from a public highway is not negligent and is not liable under the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102), for injuries resulting from the accumulation or from the natural result of travel on it. Summary disposition for the county was proper.

2. The natural accumulation doctrine also precludes a finding of liability against the county employees. No liability is incurred by governmental employees for failing to remove a natural accumulation of ice or snow. Summary disposition for the county employees was proper.

Affirmed.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Ronald E. Westen* and *William F. Rivard*), for the plaintiff.

*Saul A. Green,* Corporation Counsel, and *John Blahnik,* Assistant Corporation Counsel, for Wayne County, Earl Ollila, Michael Roemer, and Robert Mahoney.

Before: HOOD, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Plaintiff appeals from an order granting summary disposition in favor of defendants Wayne County and its named employees. We affirm.

This case arises from a traffic accident on Van Born Road in Wayne County near the intersection of Hickory Hollow on the morning of January 19, 1988. Plaintiff's decedent, twelve-year-old Timothy Reese, was a passenger in a vehicle traveling east on Van Born Road and driven by Timothy's mother, defendants' decedent Peggy Jo Reese. Apparently, the traffic signal at Hickory Hollow turned yellow and Mrs. Reese attempted to stop the vehicle. In any event, as the Reese vehicle approached the intersection, it turned sideways and crossed the center line, entering the westbound lane of Van Born Road. The Reese vehicle was struck on the passenger side by a pickup truck driven by defendant Holmes.

As a result of the accident, plaintiff's decedent suffered fatal injuries. Although it is not entirely clear from the record before us, it appears that defendants' decedent, Peggy Jo Reese, was also fatally injured in the accident. Although there is disagreement between the parties concerning issues such as how long the road had been icy before the accident and the nature of the response by the county to begin salting the roads, those disagreements do not affect the disposition of this case. Even accepting the facts as alleged by plaintiff, we are satisfied that the trial court correctly granted summary disposition in favor of the defendant county and its employees.

We first consider plaintiff's contention that defendant county is liable under its statutory duty to maintain the public roads under the so-called "highway exception" to governmental immunity. MCL 691.1402; MSA 3.996(102). Defendants re-

spond that the county is not obligated to keep roads clear of natural accumulations of ice and snow under that statute and, therefore, the county is immune from suit. We agree.

This issue is controlled by a published decision issued after the effective date of Administrative Order No. 1990-6, 436 Mich lxxxiv; Mich Ct R, p A1-45. In *Stord v Dep't of Transportation,* 186 Mich App 693, 694; 465 NW2d 54 (1991), this Court held:

> It has long been the law in this state, however, that a governmental agency's failure to remove the natural accumulation of ice and snow on a public highway does not signal negligence of that public authority. *Johnson v Pontiac,* 276 Mich 103; 267 NW 795 (1936); *Johnson v Marquette,* 154 Mich 50; 117 NW 658 (1908); *McKell[a]r v Detroit,* 57 Mich 158; 23 NW 621 (1885); *Sweetman v State Highway Dep't,* 137 Mich App 14; 357 NW2d 783 (1984); *Hampton v Master Products, Inc,* 84 Mich App 767; 270 NW2d 514 (1978). We decline to transcend precedent, and therefore affirm the trial court. Plaintiffs' claims that time, technology, and statutorily mandated maintenance have made that precedent obsolete are better presented to the Supreme Court.

Because this Court is bound by the *Stord* decision, the trial court's grant of summary disposition in favor of defendant Wayne County must be affirmed. Furthermore, we see no reason to disagree with the *Stord* decision. Plaintiff does present arguments in favor of abandoning the natural accumulation doctrine that merit consideration. We believe, however, that that consideration should be given by the Supreme Court, not this Court. As the Supreme Court explained in *People v Mitchell,* 428 Mich 364, 369-370; 408 NW2d 798 (1987), it is not the role of this Court to anticipate

the Supreme Court's change of precedent. We must merely apply the law as we find it. While we invite plaintiff to seek further review of this issue in the Supreme Court, we decline the invitation to take action ourselves.[1]

Next, plaintiff argues that summary disposition in favor of the individual defendant county employees was improper because their failure to remove the ice from Van Born Road constitutes gross negligence, for which the individual defendants are not immune from suit. We disagree.

Government employees are not immune from suit for grossly negligent conduct. MCL 691.1407(2); MSA 3.996(107)(2) provides in pertinent part:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each . . . employee of a governmental agency . . . shall be immune from tort liability for injuries to persons or damages to property caused by the . . . employee . . . while in the course of employment . . . while acting on behalf of a governmental agency if all of the following are met:
>
> * * *
>
> (c) The . . . employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

We are persuaded that the natural accumulation doctrine also precludes a finding of liability

---

[1] Plaintiff's argument that vehicular traffic on Van Born Road after the natural accumulation increased the dangerousness of the condition, thus rendering the accumulation unnatural, was addressed and rejected in *Stord, supra* at 694-695. We see no reason to disagree with *Stord* with regard to this point either.

against the county employees. If the government has no obligation to act, then certainly its employees have no obligation to act on its behalf. It would be nonsensical to conclude that Wayne County has no duty to remove a natural accumulation of ice, yet find that its employees do have such a duty. To accept plaintiff's theory would be to effectively abandon the natural accumulation doctrine, because if the county as a political entity failed to remove a natural accumulation of ice and snow, it will always be true that individual employees of the county also failed to remove a natural accumulation of ice and snow. Thus, liability would be imposed through the governmental employees rather than directly on the governmental entity itself.

Indeed, if plaintiff's position were adopted, the only way the county could ultimately avoid liability would be to completely abandon its snow-removal program. If no employee has the authority, responsibility, or equipment to remove snow, then there could be no gross negligence for failing to do so. This would clearly be an undesirable result.

This does not mean that there can never be liability by a governmental employee with respect to snow removal. It is conceivable that snow removal could be done in a manner that increases the hazard and that this could be considered gross negligence.[2] In such circumstances, the accumulation would no longer be natural, having been altered by the snow-plowing process. Rather, we merely hold that no liability is incurred by governmental employees for failing to remove a natural accumulation of ice or snow.

For the above reasons, we conclude that the

---

[2] We should acknowledge that defendants do raise arguments that would deny liability even in such cases. However, we need not resolve those issues in the context of this case and decline to do so.

trial court correctly granted summary disposition in favor of the defendant county and its employees.

Affirmed. Defendants may tax costs.