WILLIAMS v DEPARTMENT OF TRANSPORTATION

Docket No. 156135. Submitted October 14, 1993, at Marquette. Decided January 7, 1994; approved for publication June 23, 1994, at 9:10 A.M. Leave to appeal denied, 447 Mich —.

Pamela K. and Brian H. Williams brought an action in the Court of Claims against the Department of Transportation and an action in the Mackinac Circuit Court against Sally Schroeder, seeking damages for injuries suffered by Pamela while she was the passenger in an automobile driven by Schroeder that skided and rolled over as a result of hitting a patch of ice on a highway overpass. The plaintiffs alleged that the Department of Transportation was aware of the icy condition, but did nothing about it. The actions were consolidated in the circuit court. The court, Nicholas J. Lambros, J., granted summary disposition for the Department of Transportation with respect to the count alleging failure to remove the accumulation of ice, holding that the ice was a natural accumulation and that the department was immune from liability for failure to remove from the highway a natural accumulation of ice. The plaintiffs appealed.

The Court of Appeals *held:*

A government agency that fails to remove a natural accumulation of ice and snow from a public highway is not negligent and is not liable for injuries resulting from the accumulation, even if the agency had actual or constructive notice of the ice and snow. Accordingly, because there is no dispute concerning the fact that the ice on the overpass was a natural accumulation, the court properly granted summary disposition for the Department of Transportation.

Affirmed.

*Dettmer, Thompson & Parsons, P.C.* (by *Daniel P. O'Neil*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Brenda E. Turner,* Assistant in Charge, and *John P. Mack,* Assistant Attorney General, for the defendant.

Before: Sawyer, P.J., and Griffin and R. M. Pajtas,* JJ.

Per Curiam. Plaintiffs appeal as of right from the circuit court's order granting partial summary disposition in favor of defendant, the Department of Transportation (DOT), and dismissing count one of their complaint. We affirm.

On the morning of October 12, 1988, a DOT repair crew was working on a stretch of U.S. Highway 2 (US-2) in Mackinac County, just east of the Gould City overpass. When the crew arrived at 7:00 A.M., the temperature was below freezing and the road surface was dry. Two crew members, Ronald Clark and Roger Shoemaker, drove over the bridge to set up safety cones on the west side of the overpass. During their return to the work site, the vehicle in which they were traveling began to slide, but did not go out of control. Clark informed the foreman that the bridge deck was icy. The foreman declined Clark's suggestion to request salting of the bridge deck. The foreman did not recall this conversation with Clark.

At approximately 8:15 A.M., plaintiff Pamela Williams was traveling west on US-2 in a vehicle driven by Sally Schroeder. As the vehicle crossed the overpass, Schroeder lost control, and the vehicle slid and rolled over. Pamela Williams sustained a closed head injury, despite the fact she was wearing a seatbelt. After the accident, the foreman ordered one of the crew members to obtain salt from the maintenance garage.

On September 27, 1990, plaintiffs filed suit against Schroeder in the circuit court and against the DOT in the Court of Claims. Plaintiffs' cause of action against the DOT was based upon the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102). Plaintiffs claimed that

* Circuit judge, sitting on the Court of Appeals by assignment.

the DOT failed to maintain the highway in a condition that was reasonably safe and fit for public travel. On April 2, 1991, Court of Claims Judge James R. Giddings ordered consolidation of the cases in the circuit court.

On May 7, 1992, the DOT filed a motion for partial summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing, in part, that it had no duty to remove the natural accumulation of ice and snow from the roadway. Plaintiffs responded that the natural accumulation doctrine did not apply because the DOT had actual knowledge of the icy condition and failed to remedy it. The trial court held that the ice resulted from natural accumulation and that the DOT was immune from liability for failing to remove the accumulation. Afterward, the parties stipulated dismissal of plaintiffs' remaining counts.

A governmental agency's failure to remove the natural accumulation of ice and snow on a public highway does not signal negligence of that public authority. *Reese v Wayne Co,* 193 Mich App 215, 217; 483 NW2d 671 (1992); *Stord v Dep't of Transportation,* 186 Mich App 693, 694; 465 NW2d 54 (1991); *Sweetman v State Hwy Dep't,* 137 Mich App 14, 22; 357 NW2d 783 (1984). However, if the ice on the roadway was the result of unnatural accumulation, the agency may be liable. *Id.*

We decline to modify the natural accumulation doctrine where it appears that the governmental agency has actual knowledge of an isolated dangerous icy condition and allegedly had the ability to remedy it. The doctrine applies regardless of whether the governmental agency has actual or constructive notice of ice and snow. Because there was no dispute that the ice naturally accumulated on the road, the trial court did not err in summarily dismissing count one of plaintiffs' complaint.

Affirmed.