## MARY M. RICHARDSON v. CHARLES CODDINGTON.

*Finding by jury—Impeaching undisputed mortgage.*

The lessee of a farm made a settlement with his lessor in which he conveyed to him his undivided interest in certain personal property. The lessor immediately sold the personal property to the lessee's wife, giving her also a lease of the farm; and the husband gave him back a mortgage upon his own interest in the crops which under the first lease he and the lessor were to divide equally. Creditors of the husband levied upon the crops grown while the wife held the lease, and upon some of the personal property transferred to her, and she brought replevin against the sheriff, who claimed that the transfers of personal property were void as against creditors. But the validity

of the mortgage was not questioned, though in submitting the case to the jury it was left for that body to pass upon, and their verdict was for the defendant. *Held* error.

Error to St. Joseph. Submitted Jan. 7. Decided Jan. 19.

REPLEVIN. Plaintiff brings error. Reversed.

*D. E. Thomas* and *W. L. Stoughton* for plaintiff in error. Where there is no conflict of evidence on a point it is for the court and not the jury: *Wisner v. Davenport* 5 Mich. 501; *Fisher v. Thirkell* 21 Mich. 1.

*Carpenter & Clark* and *H. H. Riley* for defendant in error.

MARSTON, C. J. This case comes before us upon a very unsatisfactory record. The defendant levied upon certain property by virtue of an execution against James Richardson, the husband of the plaintiff, and recovered a judgment for the full amount of his lien. James Richardson had in 1876 leased a farm from James Johnson, under which one-half the stock and crops raised thereon belonged to Johnson. James Richardson on December 23, 1878, gave to James Johnson a chattel mortgage upon his, Richardson's half, to secure the payment of $593. December 23, 1878, Richardson and Johnson had a settlement. Richardson sold to Johnson his interest in the property, and at the same time Johnson leased the farm upon similar terms to Mrs. Richardson, the plaintiff, sold her the property, and took back a mortgage thereon for $593.20, due in one year. There was no change in the possession of the farm and James Richardson continued to cultivate it as before. Certain crops were grown thereon while Mrs. Richardson held the lease, and, although the date of the levy is not given, it was upon the crops thus raised, and upon some of the personal property conveyed to her by Johnson, that the levy was made.

Mrs. Richardson claimed that some of the property levied upon not only belonged to her but that her husband never had any interest therein, and the jury seems to have so

found. She also claimed that one undivided half of the other property levied upon was that of Johnson, in which her husband had no interest at any time, and that as to the undivided half which she acquired from her husband through Johnson the amount of the chattel mortgage should be deducted, and the defendant be entitled to a judgment for the balance only, if anything.

It is almost needless to add, after what has been said, that the sheriff claimed that the sale from James Richardson to Johnson and by the latter to Mrs. Richardson were fraudulent and void as to the creditors of James Richardson. Under the evidence and the verdict the jury must have found the mortgage given by James Richardson to Johnson not genuine, as such questions were submitted to the jury, although not a particle of evidence can be found, or even a claim made, questioning that instrument.

We need not go beyond this, at present. For this error the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.