Campbell, J.
Plaintiff, who is wife of James Richardson, replevied certain personal property that had been seized by process against her husband, the same being live stock, farm utensils, and farm products. One undivided half of the property is admitted to belong to her landlord, James Johnson, and to have been on the farm for use by the tenant, and the right of possession set up by plaintiff was in that capacity. The levy was on the undivided interest claimed to belong to plaintiff.
The sheriff, who is defendant, claimed that the property in question was either in fact that of James Richardson, or had been transferred by him to Johnson and through Johnson to the plaintiff, in fraud of creditors.
The consideration of these questions involved an inquiry, first, whether James Richardson was not in fact in possession of the farm and property under cover of his wife’s name; and second, if not so, whether the property had not been shifted for fraudulent purposes.
Judgment went in favor of defendant.
Among the various points presented we need not consider very many. The facts material to the present inquiry are these:
On the 23d of December, 1878, James Richardson was in possession of Johnson’s farm under a lease which would ■expire in the succeeding spring, being a verbal lease which had run for nearly two years, from year to year. The lease was on shares, and Johnson owned half of the stock. Richardson had previously given Johnson a chattel mortgage on his half, on which there was then due $593.20. Richardson being then heavily involved with other creditors, convoyed all the property to Johnson for the amount of the mortgage, and gave up the lease. At the same time, and with no change of possession, Johnson leased the farm on similar terms to plaintiff, and left all the property in her possession, selling the half interest to her for the precise amount of the prior mortgage, and taking her mortgage payable in one year for the same amount. The property was worth more, but just how much more than the amount of this mortgage is not agreed upon.
*3 Upon these facts, with such explanations as the testimony ■contained, the cáse went to the jury on the question of fraud, .and taking the entire charge into consideration it does not occur to us that there is any especial reason for complaint. 'The transaction certainly was capable of a fraudulent meaning, and if Johnson entered into it with any complicity, or with any reason to suppose it so designed, he could not by the shifting of tenants cut off any rights of creditors. And if Richardson is in fact the real tenant and manager the ¡same result would follow. So also the fact of Johnson’s innocence could not prevent fraud between Richardson and his wife from affecting such property as she got by fraudulent contrivance. The charge was quite well grounded in .all these matters, and we do not think that criticism of detached portions of it would change the general effect of the remainder. Possibly there may be language capable of misinterpretation, but we have not noticed any material failure to do justice.
There is, however, one serious error which has led to the .same difficulty which appeared when the case was here before. 45 Mich. 338. There is nothing to impeach John- . son’s mortgage, and although the jury found it extinguished this was under a mistake. The testimony showed that Johnson received money from the farm products, and ¡advanced and paid money for farm expenses. The court charged the jury that the money he received should be applied on the mortgage. But he was not obliged to apply it thus if he had other occasions to use or apply it, and he would have no right to apply it on the mortgage before its maturity. This error, therefore, is fatal and must require a reversal.
There was some dispute concerning the meaning of some of the findings, which we might have found it difficult to determine had it become important to do so. But as no judgment can be entered here, they cease to be important.
Judgment must be reversed with costs and a new trial .granted.
The other Justices concurred.