RIORDAN v GOULD ENGINEERING, INC.

1. Damages—Wrongful Death—Pain and Suffering—Consciousness—Injury and Death.

    Damages may be awarded in a wrongful death action for pain and suffering undergone while a person is conscious between the time of his injury and the time of his death.

2. Evidence—Sufficiency—Damages—Pain and Suffering.

    A trial court may rule upon the sufficiency of evidence necessary for the question of pain and suffering damages to go to a jury.

3. Evidence—Admissibility—Relevancy—Wrongful Death—Pain and Suffering—Damages.

    Testimony is admissible in an action for wrongful death where it is directly relevant to the issue of damages for pain and suffering.

4. Evidence—Admissibility—Wrongful Death—Prejudice—Harmless Error.

    Admission of evidence of questionable relevance was, if error, harmless error where the evidence which allegedly placed defendant's liability before the jury was quite similar to evidence already admitted and where the jury was instructed regarding the defendant's admission of liability.

5. Trial—Arguments of Counsel—Improper Remarks—Prejudice—Jury Instructions—Mistrial.

    An improper remark by counsel in closing argument will not result in a mistrial where the remark standing alone would not require a mistrial and where objection was raised after completion of closing argument and jury instructions and where reiteration of the remark in a cautionary jury instruction would be impractical and lead to overemphasis.

References for Points in Headnotes
[1] 22 Am Jur 2d, Death §§ 26, 127.
[2, 3] 22 Am Jur 2d, Death §§ 230, 246.
[4] 22 Am Jur 2d, Death § 267.
[5] 75 Am Jur 2d, Trial § 211.

Appeal from Genesee, Donald R. Freeman, J. Submitted February 2, 1977, at Lansing. (Docket No. 24748.) Decided March 28, 1977. Leave to appeal applied for.

Complaint by Lynne Riordan, administratrix of the estate of John Riordan, III, deceased, against Gould Engineering, Inc., and others, seeking damages for wrongful death resulting from a sewer excavation cave-in. Judgment for plaintiff. Defendant appeals. Affirmed.

*Kelman, Loria, Downing, Schneider & Simpson,* for plaintiff.

*Chaklos, Jungerheld, Hoffmann & O'Neill, P. C. (Lyndon J. Lattie,* of counsel), for defendant.

Before: D. C. RILEY, P. J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. A jury verdict in a wrongful death action awarded plaintiff administratrix $301,800 dollars. Defendant now appeals based upon the jury's consideration of decedent's pain and suffering as an element of damages, upon the introduction of certain testimony, and upon certain remarks by plaintiff's counsel during closing arguments. For the reasons stated below, the judgment is affirmed.

Plaintiff's husband was killed in a sewer excavation cave-in while he was employed by Eagle Construction Company, a subcontractor of defendant Gould Engineering, Inc. The defendants admitted liability; the sole issue at trial was the amount of damages.

Plaintiff specifically sought damages for the pain and suffering alleged to have been suffered by the decedent prior to his death. To support such dam-

ages, plaintiff introduced the testimony of two law enforcement officers who had been present at the site of the accident. According to one of these officers, two cave-ins occurred. After the first cave-in, decedent's head had been uncovered by his fellow workers and further rescue measures were attempted. A second cave-in then completely covered the decedent. Forty-five minutes later, decedent again was uncovered and the officer testified as to various changes in decedent's physical appearance between the first and the second uncovering. The testimony of the second officer focused on the reactions of decedent's wife when she was told of the accident and when she came to pick up his personal effects.

Damages may be awarded for pain and suffering undergone while a person is conscious between the time of his injury and the time of his death. See, *Haynes v Monroe Plumbing & Heating Co,* 48 Mich App 707, 720; 211 NW2d 88 (1973). The trial court may rule upon the sufficiency of evidence necessary for the question of pain and suffering damages to go to the jury. *Smith v Detroit,* 388 Mich 637; 202 NW2d 300 (1972). Here, the trial court decided to instruct the jury on pain and suffering as an element of damages. These instructions are supported by the testimony of the first police officer. Although that officer did not explicitly state that the decedent was conscious, such an inference can be drawn from his testimony. Such an inference is also supported by the evidence showing that decedent's death was not instantaneous and that the cause of death was suffocation.

As is evident from the preceding discussion, the trial court did not err in admitting the testimony of the first police officer. That testimony was directly relevant to the issue of damages for pain and suffering.

The relevancy of the testimony of the second officer is open to question. Appellant argues that reversible error was committed in allowing the testimony since the testimony had the effect of placing the question of liability before the jury. *Richardson v Coddington*, 45 Mich 338; 7 NW 903 (1881). We disagree. Although the admissibility of the testimony is debatable, the trial court specifically instructed the jury that the defendants had admitted liability. See, Anno: *Admission of liability as affecting admissibility of evidence as to the circumstances of accident on issue of damages in a tort action for personal injury, wrongful death, or property damage*, 80 ALR2d 1224. Furthermore, the testimony of the second officer was quite similar in many ways to the testimony of the first officer. Substantial rights of the defendant were not prejudiced by the trial court's exercise of discretion in allowing the evidence. GCR 1963, 529. Therefore, we hold that the admission of the second officer's testimony was, if error, harmless error.

The final issue raised by appellant is that the trial court erred in denying a motion for a mistrial based upon a remark in plaintiff's closing argument to the jury.[1] Objection was raised to the remark only after closing arguments had been completed and after the jury had been instructed.

---

[1] The remark in question was:

"There is no guidelines, this is one of the categories we can't give you any definite guidelines; but I would urge that you consider the fact that even if this emotional trauma was only for one or two seconds while the earth was initially caving in, the first time, while someone hollered that the sides were caving and John was trying to figure out what to do in the trench, and then the dirt covered him, even if it was only one or two or three seconds during that period of time, the Estate is entitled to compensation because, as someone said while we were voir diring the jury, 'There probably can't be anything more horrible than being buried alive.' And let's face facts, that's what happened in this case."

In response to the motion, the trial court indicated that it felt it would be better to forget the remark and not to say anything about it to the jury because to do so would only "reiterate something that would have been better left unsaid". We agree. The remark would have been better not made, but, standing alone, it does not require a mistrial. See, *Howell v Outer Drive Hospital,* 66 Mich App 142; 238 NW2d 553 (1975). In addition, the timing of the objection made a cautionary instruction impractical because it would have over-emphasized the improper remark.

Affirmed.