JENKINS v RALEIGH TRUCKING SERVICES, INC

Docket Nos. 108772, 113265. Submitted June 7, 1990, at Detroit. Decided February 19, 1991, at 9:20 A.M.

Ronald E. Jenkins was killed when a tractor-trailer truck owned by Raleigh Trucking Services, Inc., and driven by Raymond E. Huey rolled over on top of his vehicle, crushing him. Bobby G. Jenkins, as personal representative of the estate of Ronald Jenkins, brought a wrongful death action in the Wayne Circuit Court against Raleigh Trucking, Huey, the Ford Motor Company, and Gail Purify. The jury found defendants Raleigh Trucking, Huey, and Ford Motor jointly and severally liable and Ford Motor individually liable. Raleigh Trucking Services, Inc., Huey, and the Ford Motor Company appealed. The appeals were consolidated.

The Court of Appeals *held:*

A motion by a defendant for a directed verdict or a motion for judgment notwithstanding the verdict should be denied where, viewing the testimony and all legitimate inferences in the light most favorable to the plaintiff, the evidence is sufficient to establish a prima facie case against the defendant.

1. There was sufficient evidence concerning the decedent's past support of his minor son and the decedent's desire that his son live with him in the future to permit the jury to make a reasonable determination of loss of support because of decedent's death, even though specific amounts of support were not mentioned in the testimony.

2. Evidence which indicated that the decedent was conscious and called for help following the accident and that he gradually was suffocated to death was sufficient to allow the jury to conclude that the decedent had suffered conscious pain and suffering.

3. While, generally, a person may not be held vicariously liable for injuries caused by an independent contractor to

REFERENCES

Am Jur 2d, Damages § 1023; Master and Servant § 413.

See the Index to Annotations under Death and Death Actions; Earning Capacity; Independent Contractors; Respondeat Superior; Vicarious Liability.

whom work has been delegated, vicarious liability may obtain where the work was not truly delegated and control retained. The evidence showing that Huey had hauled freight only for Ford for a number of years, that Ford and Huey had no written contract, that Huey entered and left Ford plants without inspections, that Ford determined what was hauled and where it was hauled, and that Ford loaded Huey's truck was sufficient to raise a question on which reasonable jurors might honestly differ concerning whether Ford had retained the right to control Huey and, therefore, was liable for the improper loading of the truck.

4. The question whether the jury's verdict was against the great weight of the evidence was not properly preserved for appellate review, no motion for a new trial having been made.

5. The trial court properly exercised its discretion in allowing a police officer to give an opinion regarding whether Huey's truck had been properly loaded.

6. The jury's award of lost financial support arguably exceeding the decedent's potential lifetime earnings, was excessive and not supported by the evidence. The trial court improperly denied defendants' motion for remittitur of the support portion of the jury's verdict.

Affirmed in part, reversed in part, and remanded.

1. MASTER AND SERVANT — INDEPENDENT CONTRACTORS — VICARIOUS LIABILITY.

A person, generally, is not vicariously liable for injuries caused by a carefully selected independent contractor to whom work has been delegated; however, vicarious liability may obtain for injuries caused by a contractor where the work was not truly delegated to the contractor and control was retained.

2. DAMAGES — EXCESSIVE DAMAGES — WRONGFUL DEATH.

A jury's award in a wrongful death action of support for a minor child of the decedent is excessive where the amount of the award exceeds the amount established by the proofs to be the likely future earnings of the decedent.

*Goodman, Eden, Millender & Bedrosian* (by *Barbara A. Patek* and *Robert A. Koory*), for the plaintiff.

*Donald J. Morbach & Associates, P.C.* (by *Richard G. Brewer*), for Raleigh Truck Services, Inc., and Raymond E. Huey.

*John M. Thomas* and *Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *John A. Cothorn* and *Susan Healy Zitterman*), for defendant Ford Motor Company.

Before: GRIBBS, P.J., and CAVANAGH and MARILYN KELLY, JJ.

MARILYN KELLY, J. In this consolidated action for wrongful death, defendants Raleigh Trucking Services, Inc., Raymond E. Huey and Ford Motor Company appeal as of right from a jury verdict for the plaintiff.

The trial court entered a judgment against Raleigh, Huey and Ford jointly and severally in the amount of $1,938,000 and against Ford individually in the amount of $34,000. The jury itemized the award as follows: loss of support, $1,205,000; loss of services, $17,000; "conscious pain and suffering, loss of parental guidance, loss of gifts or other valuable gratuities, loss of society and companionship, loss of love and affection," $750,000.

This action arose when a tractor-trailer, owned by Raleigh and driven by Huey, swerved off the highway to avoid a vehicle operated by a third party. The tractor-trailer struck an embankment, rolled over and came to rest on top of decedent's pickup truck, crushing him. We affirm in part and reverse in part.

On appeal, defendants argue that the trial court erred in denying their motions for a directed verdict and a judgment notwithstanding the verdict. The motions involved issues of lost support, conscious pain and suffering and respondeat superior. They also claim that the court abused its discretion in admitting opinion testimony and that the verdict was against the great weight of the evidence. Lastly, they argue that the court erred

in denying their motion for remittitur on the issue of support.

The standard for reviewing a denial of a motion for a directed verdict and a motion for judgment notwithstanding the verdict is identical. When ruling, the trial court must determine whether the evidence is sufficient to establish a prima facie case against the defendant. The testimony and all legitimate inferences that may be drawn are viewed in a light most favorable to the plaintiff. If reasonable jurors could honestly reach different conclusions, the trial court should deny the motion, and the issue should be decided by the jury. Under such circumstances, no court has authority to substitute its judgment for that of the jury. *Feaheny v Caldwell,* 175 Mich App 291, 299; 437 NW2d 358 (1989).

Defendants argue there was insufficient evidence of the amount of support which decedent would have provided for his minor son had he lived. Evidence was admitted at trial that decedent earned $24,000 a year and was attending classes in an effort to qualify for a management position. He had been sending money to his son six or seven times a year. There was testimony that he supported the child "very generously," sent him gifts and, just before his death, told others he wanted his son to live with him. Decedent resided with his brother, to whom he gave $25 or $50 each payday.

The mortality tables showed that the decedent could have had twenty-one more years of employment if he had worked to age sixty-five. Had he been able to do so, he would have earned another $1,078,146 before taxes, assuming no more than a five percent increase in wages annually. Although specific amounts of support were not mentioned, we believe there was sufficient evidence for the jury to make a reasonable determination of the

loss of support pursuant to MCL 600.2922; MSA 27A.2922.

There was no error, either, in the denial of defendants' motion for a directed verdict on the issue of conscious pain and suffering. Evidence indicated that decedent did not die instantly but that he lay in his truck, distraught, calling for help and gradually suffocated to death. The evidence was sufficient to allow the jury to reasonably conclude that decedent had suffered conscious pain and suffering. *Riordan v Gould Engineering, Inc,* 74 Mich App 292, 294; 253 NW2d 736 (1977).

Ford also argues that the trial court erred by denying its motion for a judgment notwithstanding the verdict on the issue of respondeat superior. Ford argued below that Huey was an independent contractor. Generally, one who employs an independent contractor is not vicariously liable for the contractor's negligence. *Janice v Hondzinski,* 176 Mich App 49, 53; 439 NW2d 276 (1989). An employer is not responsible for injuries caused by a carefully selected contractor to whom he has delegated work. However, this rule does not apply if the employer did not truly delegate but rather retained control of the work. *Warren v McLouth Steel Corp,* 111 Mich App 496, 502; 314 NW2d 666 (1981).

In this case, plaintiff presented evidence showing that Huey had hauled freight for Ford for thirteen to fifteen years prior to the accident. Four or five times a day, five or six days a week, he drove between Ford's Dearborn plant and two Detroit heat-treating plants which did work for Ford. During that entire period, he had no other customer; his truck was used for no other purpose than to haul Ford parts. Huey and Ford never had a written contract or written contract terms. Huey came and went at the Ford plants like any other

Ford employee, with no check-ins or inspections. Ford determined what Huey hauled and where he hauled it. Ford loaded the truck.

Moreover, Huey was never required to bid on the work he did for Ford. Plaintiff's trucking expert was an independent trucker. He told the jury that, in his experience, independent truckers were required to bid on jobs and that such jobs were awarded to the low bidder.

This case is remarkably close on its facts to *Brinker v Koenig Coal & Supply Co,* 312 Mich 534; 20 NW2d 301 (1945). There, the jury imposed vicarious liability on the defendant coal company for the negligence of the defendant truck driver who hit a woman while driving. The Supreme Court affirmed the trial court's denial of the defendant company's motion for a judgment notwithstanding the verdict. It held that the "test of the relationship [employee or independent contractor] is the right to control, whether in fact exercised or not." *Brinker,* 540.

In the case on appeal, plaintiff presented sufficient evidence to make a prima facie case. Upon that, reasonable jurors could honestly reach different conclusions regarding whether Ford retained the right to control Huey and was therefore liable for the improper loading of his truck. The trial court did not err in denying defendant's motion for a judgment notwithstanding the verdict.

Next, we find that defendants waived their claim that the verdict is against the great weight of the evidence by failing to move timely for a new trial. *B & M Die Co v Ford Motor Co,* 167 Mich App 176, 184; 421 NW2d 620 (1988). In any event, there was sufficient evidence to support the jury's finding that the decedent was not comparatively negligent.

The trial court did not err by allowing a police

officer witness to give his opinion regarding whether Huey's vehicle was properly loaded. Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. MRE 702, 704; *Downie v Kent Products, Inc,* 420 Mich 197, 204, 205; 362 NW2d 605 (1984); *Sells v Monroe Co,* 158 Mich App 637, 645; 405 NW2d 387 (1987). The decision to allow the introduction of expert opinion evidence is left to the trial court's discretion. *Independence Twp v Skibowski,* 136 Mich App 178, 186; 355 NW2d 903 (1984).

We find no abuse of discretion here. Moreover, while police officer Brice testified that Huey's truck was not properly loaded, defendants offered expert testimony to the contrary. *Meehan v Michigan Bell,* 174 Mich App 538, 553-554; 436 NW2d 711 (1989).

Finally, we find that the trial court improperly denied defendants' motion for remittitur on the issue of support. The jury awarded $1,205,000 to plaintiff for loss of financial support. We note that this amount arguably exceeds the entire $1,078,-146 pretax earnings decedent likely would have earned in his lifetime. Regardless of how generously decedent supported his son, the jury's award for loss of support is excessive and unsupported by the record. *Palenkas v Beaumont Hosp,* 432 Mich 527, 532; 443 NW2d 354 (1989).

The trial court's denial of the motions for a directed verdict and a judgment notwithstanding the verdict is affirmed. We reverse the denial of the motion for remittitur on the issue of loss of financial support.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.