SZYMANSKI v K MART CORPORATION

Docket No. 124652. Submitted March 10, 1992, at Detroit. Decided
October 20, 1992, at 9:00 A.M. Leave to appeal sought.

John M. Szymanski, a window washer employed by Cadillac
Window Cleaning Company, brought an action in the Oakland
Circuit Court against K mart Corporation, seeking damages for
injuries sustained when he fell from a scaffold while washing
the windows of a K mart building. At the time of the accident,
Cadillac was under contract to K mart to provide cleaning
services. The plaintiff was not wearing safety belts or lines
when he fell. The court, David F. Breck, J., consistent with the
jury's verdict, entered judgment for the plaintiff and awarded
him damages. The defendant appealed.

The Court of Appeals held:

The trial court erred in failing to direct a verdict in favor of
the defendant. An employer of an independent contractor is not
liable for the negligence of the contractor or the negligence of
an employee of the contractor unless the work performed by
the contractor is inherently dangerous or the employer of the
contractor retains control of the work. In this case, the plaintiff
failed to present sufficient evidence that the work he performed
was inherently dangerous or that the defendant retained con-
trol over it.

Reversed.

1. MASTER AND SERVANT — INDEPENDENT CONTRACTORS — NEGLI-
GENCE — INHERENTLY DANGEROUS ACTIVITIES.

An employer of an independent contractor is not liable for the
negligence of the contractor or the negligence of an employee
of the contractor unless the work performed by the contractor
is inherently dangerous or the employer of the contractor
retains control of the work.

REFERENCES

Am Jur 2d, Independent Contractors §§ 29, 40-47; Premises Liabil-
ity § 457.

Liability of employer with regard to inherently dangerous work for
injuries to employees of independent contractor. 34 ALR4th 914.

2. Master and Servant — Independent Contractors — Negli-
   gence — Inherently Dangerous Activities.

  Liability for the negligence of an independent contractor or its
     employee should not be imposed on the employer of the con-
     tractor under the inherently dangerous activity doctrine where
     the particular risk of injury reasonably could not have been
     contemplated at the inception of the contract, or where the
     activity involved was not unusual, the risk was not unique,
     reasonable safeguards against injury readily could have been
     provided by well-recognized measures, and the employer se-
     lected a responsible and experienced contractor.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helve-
ston & Waldman, P.C.* (by *Barry P. Waldman,
George T. Fishback,* and *Barbara M. Robinson*), for
the plaintiff.

*Beier Howlett* (by *Gerald G. White, Robert G.
Waddell,* and *Margaret Battle Kiernan*), for the
defendant.

Before: Griffin, P.J., and Holbrook, Jr., and
Reilly, JJ.

Per Curiam. Plaintiff John M. Szymanski, an
employee of Cadillac Window Cleaning Company,
was injured when he fell from a scaffold suspended
approximately forty feet above the ground while
washing windows at defendant K mart Corpora-
tion's world headquarters. Plaintiff and the two
other men who were on the scaffold with him were
not wearing safety belts or safety lines. Plaintiff
subsequently brought suit against defendant and,
after a jury trial, was awarded $1,306,250 in dam-
ages.[1] Defendant now appeals the judgment as of
right. We reverse.

---

[1] Plaintiff also brought suit against other defendants, including the
manufacturer of the platform and the seller of the wire and clamps
used to secure the scaffold. However, these suits were settled before
trial.

I

Defendant first argues that the trial court erred in denying its motion for a directed verdict at the close of plaintiff's proofs. When ruling on a motion for a directed verdict, the trial court must determine whether the evidence is sufficient to establish a prima facie case against the defendant. *Jenkins v Raleigh Trucking Services, Inc,* 187 Mich App 424, 427; 468 NW2d 64 (1991). The testimony and all legitimate inferences that may be drawn therefrom are viewed in the light most favorable to the plaintiff. If reasonable jurors could honestly reach different conclusions, the motion should be denied. *Id.*

Generally, an employer of an independent contractor is not liable for the contractor's negligence or the negligence of its employees. *Bosak v Hutchinson,* 422 Mich 712, 724; 375 NW2d 333 (1985). However, an exception to the general rule exists where the work performed by the contractor is inherently dangerous. Another exception exists where the employer or landowner retains control of the work being performed by the independent contractor. *Funk v General Motors Corp,* 392 Mich 91, 101; 220 NW2d 641 (1974); *Miller v Great Lakes Steel Corp,* 112 Mich App 122, 125; 315 NW2d 558 (1982). Although the inherently dangerous activity doctrine usually applies where third parties claim injury, the doctrine has been applied where, as in this case, the claimant is an employee of the independent contractor. *Bosak, supra* at 724.

In this case, the trial court relied on both exceptions in denying defendant's motion for a directed verdict. First, the trial court found that the activity of working on a scaffold high above the ground was inherently dangerous. Secondly, with regard to the issue of control, the trial court noted:

> K-mart gave Cadillac a store room, some equip-
> ment, the name tags, keys to the stairwell and
> towers, and Cadillac employees could eat in the
> cafeteria, there was no written contract and the
> work—that the employees were occasionally told
> what windows to clean. In this instance the signs
> of control are not nearly as strong as in the *Funk*
> case, but the Court will conclude once again that
> it's a jury question. . . .

We disagree with the trial court with regard to the issue of control. In *Funk,* the Court found that the defendant, General Motors Corporation, exercised an "unusually high degree of control" over the construction project on which the plaintiff was injured. *Funk, supra* at 105. The Court considered General Motors' supervision over some aspects of accident prevention, its extensive supervision of compliance with other contract specifications, and its overall day-to-day dominance of the project, and found that such factors supported "a finding of, if not actual, at least tacit control by General Motors of safety in the highly visible common work areas." *Funk, supra* at 107. See also the plurality decision in *Plummer v Bechtel Construction Co,* 440 Mich 646; 489 NW2d 66 (1992).

The evidence in this case does not support such a finding of control. There was no indication from the testimony that K mart directed Cadillac regarding the manner in which the job was to be performed or that K mart had any control with regard to the manner in which the scaffold was assembled and used. The absence of evidence on these factors also makes this case distinguishable from *Jenkins, supra.* The issue in *Jenkins* was whether defendant Ford Motor Company retained the right to control the activities of its independent contractor, a truck driver, and therefore could be held responsible for the improper loading

of his truck that allegedly caused the plaintiff's death. As in this case, the independent contractor worked exclusively for the defendant without a written contract. However, in *Jenkins,* Ford not only told the independent truck driver what to haul and where to haul it, but, more importantly, Ford loaded the truck. *Jenkins, supra* at 428-429. Thus, there was evidence that the defendant in *Jenkins,* unlike defendant in the present case, had retained control over the independent contractor's activities, particularly those that allegedly caused the accident.

We also conclude that the trial court erred in denying defendant's motion for a directed verdict based on the doctrine of inherently dangerous activity.

The inherently dangerous activity doctrine provides an exception to the general rule of nonliability by the employer of an independent contractor. Under the doctrine, liability may be imposed when "the work contracted for is likely to create a peculiar risk of physical harm or if the work involves a special danger inherent in or normal to the work that the employer reasonably should have known about at the inception of the contract." *Oberle v Hawthorne Metal Products Co,* 192 Mich App 265, 268; 480 NW2d 330 (1991), citing *Bosak.* The risk or danger must be recognizable in advance, i.e., at the time the contract is made. The Court in *Bosak* emphasized that liability should not be imposed where a new risk is created in the performance of the work and the risk was not reasonably contemplated at the time of the contract. *Bosak, supra* at 728.

Similarly, liability should not be imposed where the activity involved was not unusual, the risk was not unique, "reasonable safeguards against injury could readily have been provided by well-recog-

nized safety measures," and the employer selected a responsible, experienced contractor. *Funk, supra* at 110.

The activity performed by plaintiff in this case, washing windows forty feet above the ground while on a scaffold suspended from the side of a building, is activity that presents a possibility of serious injury unless special precautions are taken. However, as noted by plaintiff's expert at trial, any danger of serious physical injury from this activity could have been prevented by the use of well-recognized safety measures, i.e., safety belts and safety lines. The risk of injury was not inherent to the work being done, but was created by the failure to use well-recognized safety measures. On the basis of our reading of *Funk* and *Bosak,* we are convinced that the evidence presented at trial, even when viewed in the light most favorable to plaintiff, could not have permitted reasonable minds to conclude that the activity at issue was inherently dangerous.

Plaintiff argues that the verdict in his favor should nevertheless be upheld because the jury found defendant to be independently negligent. Although plaintiff's complaint alleges negligence on the part of defendant in failing to hire a competent contractor, failing to supervise its employees and contractors, and so on, the jury was only instructed with regard to the issues of control and inherently dangerous activity. These are the theories that plaintiff argued during his opening statement and closing argument. Accordingly, we reject plaintiff's argument on appeal.

Our resolution of the previous issues makes it unnecessary for us to address the other issues raised by defendant.

Reversed.