SZYMANSKI v K MART CORPORATION (ON REMAND)

Docket No. 165159. Submitted June 9, 1993, at Lansing. Decided
November 2, 1993, at 9:00 A.M. Leave to appeal sought.

John M. Szymanski, a window washer employed by Cadillac
Window Cleaning Company, brought an action in the Oakland
Circuit Court against K mart Corporation, seeking damages for
injuries sustained when he fell from a scaffold while washing
the windows of a K mart building. At the time of the accident,
Cadillac was under contract to K mart to provide cleaning
services. The plaintiff was not wearing safety belts or lines
when he fell. The court, David F. Breck, J., consistent with the
jury's verdict, entered judgment for the plaintiff and awarded
him damages. The defendant appealed. The Court of Appeals,
GRIFFIN, P.J., and HOLBROOK, JR., and REILLY, JJ., reversed,
holding that the trial court erred in failing to direct a verdict
in favor of the defendant, because the plaintiff failed to present
sufficient evidence that the work performed was inherently
dangerous or that the defendant retained control over it. The
Court also rejected the plaintiff's argument that the verdict
should be upheld because the jury found the defendant to be
independently negligent, concluding that the theory of indepen-
dent negligence had not been presented to the jury. 196 Mich
App 427 (1992). The Supreme Court, in lieu of granting leave to
appeal, vacated the judgment of the Court of Appeals and
remanded the case to the Court of Appeals, noting that the
Court of Appeals had held that the verdict could not be sus-
tained on a theory of independent negligence, in part, because
the jury " 'was only instructed with regard to the issues of
control and inherently dangerous activity,' " when, in fact, "the
jury was also instructed on negligence." 442 Mich 912 (1993).

On remand, the Court of Appeals *held:*

The jury verdict cannot be sustained on a theory of indepen-
dent negligence.

1. The only theories of liability presented to the jury were

REFERENCES

Am Jur 2d, Independent Contractors §§ 24, 29, 41; Negligence
§ 1759.

Liability of employer with regard to inherently dangerous work for
injuries to employees of independent contractor. 34 ALR4th 914.

those based upon retained control and inherently dangerous activity.

2. According to the verdict form, the jury could reach the issue regarding the defendant's negligence only if it accepted the retained control exception or the inherently dangerous activity exception, or both. The evidence does not support a finding that either exception was applicable.

Reversed.

MASTER AND SERVANT — INDEPENDENT CONTRACTORS — NEGLIGENCE — INHERENTLY DANGEROUS ACTIVITIES.

An employer of an independent contractor is not liable for the negligence of the contractor or the negligence of an employee of the contractor unless the work performed by the contractor is inherently dangerous or the employer of the contractor retains control of the work.

*Gibson & Frederick, P.C.* (by *Phillip D. Frederick*) (*Bendure & Thomas,* by *Mark R. Bendure* and *Sidney A. Klingler,* of Counsel), for the plaintiff.

*Beier Howlett, P.C.* (by *Gerald G. White* and *Robert G. Waddell*), for the defendant.

ON REMAND

Before: GRIFFIN, P.J., and HOLBROOK, JR., and REILLY, JJ.

PER CURIAM. Pursuant to the remand order of the Supreme Court vacating our prior decision, we again consider whether the jury verdict in this case can be sustained on a theory of independent negligence.[1] We conclude that it cannot, and again reverse.

Plaintiff John M. Szymanski, an employee of Cadillac Window Cleaning Company, was injured when he fell from a scaffold suspended approximately forty feet above the ground while washing

---

[1] See *Szymanski v K mart Corp,* 442 Mich 912; 503 NW2d 449 (1993).

windows at defendant K mart Corporation's world headquarters. In our original opinion, we determined that the trial court erred in denying defendant's motion for a directed verdict on the basis of its findings that defendant retained control of the work being performed by the independent contractor, Cadillac Window Cleaning Company, and that the work being performed was inherently dangerous. *Szymanski v K mart Corp,* 196 Mich App 427; 493 NW2d 460 (1992). We also rejected plaintiff's argument that the verdict in his favor should be upheld because the jury found defendant to be independently negligent. We concluded that the theory of independent negligence was not presented to the jury. After reconsidering the issue, we have reached the same conclusion.

On remand, plaintiff argues that the verdict of the jury should be upheld because defendant was negligent in failing to act after being placed on notice of the deficient safety practices of the independent contractor and in failing to require that Cadillac take reasonable safety precautions. Plaintiff also asserts that the verdict of the jury should be upheld because defendant "is liable for negligence under the theory of premises liability upon which the jury was instructed at trial." However, we continue to hold that the only theories of liability presented to the jury were those based upon retained control and inherently dangerous activity.

The trial court did instruct the jury that a possessor of land has a duty to exercise reasonable care for the protection of an invitee.[2] However, the court went on to state:

As a general rule, an owner of the property is

---

[2] Before this instruction, the court defined the terms "negligence," "ordinary care," and "proximate cause."

not liable to an employee of an independent contractor. There are two exceptions to this rule. The first exception is that an owner may be liable if the work it hires the independent contractor to do involves an inherently dangerous activity. . . .

If you find that John Szymanski was engaged in an inherently dangerous activity, and his injuries resulted from the negligence of Cadillac Window Washing [sic] Company, you may find K-Mart liable for those injuries.

If you find that the work John Szymanski was engaged in was not inherently dangerous, K-Mart cannot be found liable under this theory.

There's a second exception to the rule that the owner of the property is not liable to an employee of an independent contractor. Generally, the independent contractor is responsible for job safety and maintaining a safe work place. However, in situations where the property owner has retained and exercised sufficient control over the task, the owner must be held responsible for job safety and maintaining a safe work place.

[The] [p]ossessor or occupier of a place of business who owes this duty to John Szymanski may not delegate that responsibility to another and thus avoid liability. It's for you to determine based on the evidence presented whether K-Mart truly delegated the task to the independent contractor or retained and exercised sufficient control over it. . . .

If you find that K-mart exercised such control, you may find it liable for any injuries caused by his [sic] failure to maintain a safe work place.

Moreover, the jury was presented with a verdict form that indicated that any liability on the part of defendant was based upon either the doctrine of retained control or the doctrine of inherently dangerous activity. The verdict form provided, in pertinent part:

Question No. 1:
Did the defendant (K-MART) retain and exercise sufficient control?
Answer: _____ (Yes or No)
Question No. 2:
Was the work being performed by plaintiff's employer inherently dangerous?
Answer: _____ (Yes or No)
(If you answered "no" to both questions go no further) (If you answered "yes" to either one or both questions go on to Question No. 3)
Question No. 3:
Was the defendant negligent?
Answer: _____ (Yes or No)

Thus, it is clear that, according to the verdict form, the jury could only reach the issue of defendant's negligence if it accepted the retained control exception or the inherently dangerous activity exception, or both.[3] There were no other alternatives presented to the jury. We concluded in our prior opinion that the trial court erred in denying defendant's motion for a directed verdict because the evidence presented at trial did not support a finding that either exception was applicable. We adhere to that ruling. There is no other basis upon which the verdict can be upheld.

Reversed.

---

[3] Plaintiff did not object to the instructions read to the jury. Additionally, there is no indication that plaintiff objected to the jury verdict form.