DYKSTRA v DEPARTMENT OF TRANSPORTATION

McBRIDE v DEPARTMENT OF TRANSPORATION

Docket Nos. 156448, 156484. Submitted November 17, 1994, at Grand Rapids. Decided January 17, 1995, at 10:05 A.M.

William J. and Marcelyn B. Dykstra brought an action in the Court of Claims against the Department of Transportation, seeking damages for injuries sustained in an automobile accident that occurred on an icy highway that is under the jurisdiction of the department. Darla J. McBride brought actions in the Court of Claims and the Clare Circuit Court against the department and others, seeking damages for injuries she suffered in the same accident.

The actions were consolidated, and the court, Kurt N. Hansen, J., granted summary disposition for the department. The Dykstras appealed and McBride appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. Brine that formed after deicing salt was spread on the highway and that later froze was part of the natural accumulation of ice and snow for which the department was under no obligation to remove.

2. Neither the salting of the highway nor the icy condition was a nuisance per se. To the extent that public nuisance was alleged, there is no public nuisance exception to governmental immunity.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

Brine that forms after deicing salt is spread on a highway and that later freezes is part of the natural accumulation of ice and snow; the state has no obligation to remove natural accumulations of ice and snow on highways (MCL 691.1402; MSA 3.996[102]).

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges § 509.

Liability, in motor vehicle-related cases, of governmental entity for injury or death resulting from ice or snow on surface of highway or street. 97 ALR3d 11.

*Davidson, Breen & Doud, P.C.* (by *Craig A. Zanot*), for William J. Dykstra and Marcelyn B. Dykstra.

*Laurence A. Long* and *Chaklos, Jungerheld & Hahn, P.C.* (by *Thomas C. Wimsatt*), for Darla J. McBride.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Brenda E. Turner* and *Harold J. Martin,* Assistant Attorneys General, for the Department of Transportation.

Before: NEFF, P.J., and MacKENZIE and J. R. CHYLINSKI,* JJ.

MacKENZIE, J. These appeals concern two negligence actions involving the highway exception to governmental immunity that were consolidated and decided below. In Docket No. 156448, plaintiffs William Dykstra and Marcelyn Dykstra appeal as of right from the trial court order that granted summary disposition to defendant Department of Transportation (MDOT) pursuant to MCR 2.116(C)(8) and (C)(10). In Docket No. 156484, plaintiff Darla McBride appeals as of right, and defendant William Dykstra cross appeals, from the same order. We affirm.

The trial court did not err in granting MDOT's motion for summary disposition pursuant to MCR 2.116(C)(10) with respect to the plaintiffs' negligence claims. MDOT is not liable pursuant to the natural accumulation doctrine, which provides that the state does not have an obligation to remove the natural accumulation of ice and snow from any location. See *Hampton v Master Products, Inc,* 84 Mich App 767, 770; 270 NW2d 514

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1978). The brine that formed after the road was salted and that later froze is a "natural accumulation" for purposes of the natural accumulation doctrine. *Zielinski v Szokola,* 167 Mich App 611, 621; 423 NW2d 289 (1988). While plaintiffs are correct that this holding of *Zielinski* technically is dicta, we find it persuasive and choose to follow it. Plaintiffs' claim that the natural accumulation doctrine is irrelevant in light of the statutory standard of conduct found in the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102), has been rejected by another panel of this Court. *Reese v Wayne Co,* 193 Mich App 215, 217; 483 NW2d 671 (1992).

The trial court also was correct in granting MDOT's motion for summary disposition pursuant to MCR 2.116(C)(8) with respect to the Dykstras' nuisance claim. Neither the conduct of MDOT's agent in salting the road nor the icy condition itself is a nuisance per se. *Li v Feldt (After Second Remand),* 439 Mich 457, 477; 487 NW2d 127 (1992) (opinion of CAVANAGH, C.J.); *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 152; 422 NW2d 205 (1988) (opinion of BRICKLEY, J.). To the extent that plaintiffs claimed to have alleged a public nuisance, there is no public nuisance exception to governmental immunity. *Li, supra,* p 474; *Summers v Detroit,* 206 Mich App 46; 520 NW2d 356 (1994).

Affirmed.