SCHOENHERR v STUART FRANKEL DEVELOPMENT COMPANY

Docket No. 238966. Submitted September 9, 2003, at Detroit. Decided September 30, 2003. Approved for publication December 23, 2003, at 9:05 A.M.

Frances S. Schoenherr brought an action in the Macomb Circuit Court against Stuart Frankel Development Company and Parkway Plaza, LLC, alleging negligence and nuisance with respect to injuries he sustained when he fell off the roof of a building owned by Parkway Plaza and managed by the development company. The plaintiff was employed as a roofer by Lutz Roofing Company, an independent contractor engaged by the development company to repair the roof of the building. The parties filed cross-motions for summary disposition of the negligence claim, and the defendants additionally moved for summary disposition of the nuisance claim. The court, Pat M. Donofrio, J., denied the parties' motions for summary disposition of the negligence claim, ruling that the issue whether the plaintiff was engaged in inherently dangerous activity such that the defendants may be held liable is a question of fact for the jury, and granted the defendants' motion for summary disposition of the nuisance claim, determining that the plaintiff's nuisance theory was speculative. The defendants appealed by leave granted the denial of their motion for summary disposition of the negligence claim, and the plaintiff cross-appealed the denial of his motion for summary disposition of the negligence claim and the summary dismissal of his nuisance claim.

The Court of Appeals held:

1. The employer of an independent contractor generally is not liable for the contractor's negligence. Liability may be imposed when the work contracted for is likely to create a peculiar risk of physical harm or if the work involves a special danger inherent in or normal to the work that the employer reasonably should have known about at the inception of the contract. Liability should not be imposed where the activity involved was not unusual, the risk was not unique, reasonable safeguards against injury could readily have been provided by well-recognized safety measures, and the employer selected a responsible, experienced contractor. In this case, where the plaintiff's expert witnesses testified that the work

performed was not unusual, that the risks associated with the roofing project were not unique, and that safety precautions could have been taken to greatly reduce those risks, liability by the defendants is precluded and the trial court erred in denying summary disposition for the defendants with respect to the negligence claim.

2. One who employs an independent contractor to do work that the employer knows or has reason to know to be likely to involve a trespass upon the land of another or the creation of a public or private nuisance is subject to liability for harm resulting to others from such trespass or nuisance. In this case, the plaintiff failed to demonstrate how the defendants knew or should have known that the work of Lutz Roofing Company would create a nuisance. The trial court therefore did not err in summarily dismissing the nuisance claim.

Reversed in part, affirmed in part, and remanded for entry of order of summary disposition for the defendants with respect to the negligence claim.

WHITBECK, C.J., concurring, noted that the Court of Appeals opinion that the majority in this case quoted for the principle that liability should not be imposed under the inherently dangerous activity doctrine if the activity was not unusual, the risk not unique, and reasonable safeguards against injury could have been provided through well-recognized safety measures was vacated. However, the principle has been adopted in another Court of Appeals opinion and had its origin in a Supreme Court opinion, and both of those opinions remain good law.

1. MASTER AND SERVANT — INDEPENDENT CONTRACTORS — NEGLIGENCE — INHERENTLY DANGEROUS ACTIVITIES.

The employer of an independent contractor generally is not liable for the contractor's negligence; liability may be imposed under the inherently dangerous activity doctrine when the work contracted for is likely to create a peculiar risk of physical harm or if the work involves a special danger inherent in or normal to the work that the employer reasonably should have known about at the inception of the contract; liability should not be imposed under the doctrine where the activity involved was not unusual, the risk was not unique, reasonable safeguards against injury could readily have been provided by well-recognized safety measures, and the employer selected a responsible, experienced contractor.

2. MASTER AND SERVANT — INDEPENDENT CONTRACTORS — TRESPASS — NUISANCE.

One who employs an independent contractor to do work that the employer knows or has reason to know to be likely to involve a

trespass upon the land of another or the creation of a public or private nuisance is subject to liability for harm resulting to others from such trespass or nuisance.

*Richard L. Steinberg, P.C.* (by *Richard L. Steinberg* and *Donald C. Wheaton, Jr.*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Ronald S. Lederman*), for the defendants.

Before: Whitbeck, C.J., and Gage and Zahra, JJ.

Per Curiam. In this negligence and nuisance action, defendants appeal by leave granted from an opinion and order of the trial court denying their motion for summary disposition of plaintiff's negligence claim. In addition, plaintiff cross-appeals, taking issue with the trial court's denial of summary disposition in his favor with respect to the negligence claim, as well as with the trial court's grant of summary disposition in favor of defendants with respect to the nuisance claim. We reverse in part, affirm in part, and remand for the entry of an order granting summary disposition in favor of the defendants with respect to the negligence claim.

The facts as alleged in plaintiff's amended complaint are straightforward and, for the most part, not in dispute. Defendant Parkway Plaza, LLC, owns a commercial building, which defendant Stuart Frankel Development Company (Frankel) manages. Defendant Frankel contracted with Lutz Roofing Company (Lutz) to repair the roof on the building. The roof was flat and approximately twenty-five feet above the ground. Plaintiff was employed by Lutz as a roofer. It is undisputed that plaintiff fell from the roof while working on the job and suffered serious injuries.

Plaintiff's first amended complaint was filed on October 30, 2000, and alleged liability on the part of defendants under both a negligence theory and a nuisance theory. Defendants thereafter moved for summary disposition, arguing that they had employed Lutz as an independent contractor and, therefore, could not be held liable for the negligence of Lutz or its employees. Defendants also argued that although plaintiff attempted to avoid the general rule against liability by asserting that the work was an "inherently dangerous activity," case law has determined that, as a matter of law, roofing is not an inherently dangerous activity. Plaintiff likewise moved for partial summary disposition, arguing that roofing is, as a matter of law, "inherently dangerous work," and that plaintiff's injury resulted from "a hazardous, latent, nonobvious, unexpected peril which was not reasonably anticipated by the Plaintiff, of which he had no warning, and which amounted to an intentional nuisance *per accident* [sic]."

Without holding a hearing on the motion, the trial court denied both parties summary disposition of the negligence claim, but granted defendants summary disposition with respect to the nuisance claim. In denying summary disposition of the negligence claim, the court dismissed plaintiff's negligence theory, which was based on retained control, but found there was a genuine issue of material fact regarding whether roofing is inherently dangerous. The trial court further found that defendants could be held liable under a vicarious liability theory if the work undertaken was inherently dangerous. Regarding the nuisance claim, the trial court concluded that plaintiff did not present evidence of a breach of some duty

owed to plaintiff that resulted in a nuisance. Finding that plaintiff's nuisance theory was based on speculation, the court granted summary disposition for defendants.

After discovery had progressed, plaintiff again moved for summary disposition of the negligence claim, asserting, once again, that there was no question of fact that plaintiff was engaged in inherently dangerous work. Defendants likewise requested summary disposition in their favor, contending that plaintiffs' own expert testimony did not support a finding that the work was inherently dangerous because the witnesses testified that the risk of falling could have been prevented. Without a formal hearing on the motion, the trial court again denied summary disposition of the negligence claim, concluding that because there was conflicting testimony, the question whether the activity was inherently dangerous is a question of fact for the jury.

Both parties now argue on appeal that the trial court erred in denying summary disposition of the negligence claim. We review de novo the trial court's denial of summary disposition. *Ormsby v Capital Welding, Inc*, 255 Mich App 165, 172; 660 NW2d 730 (2003), citing *Haliw v City of Sterling Hts*, 464 Mich 297, 301-302; 627 NW2d 581 (2001). In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), the court must consider the affidavits, pleadings, depositions, admissions, and documentary evidence submitted by the parties in the light most favorable to the party opposing the motion. *Ormsby, supra* at 172, citing *Haliw, supra* at 302. Summary disposition may be granted if the evidence demonstrates that there is no genuine issue with respect to

any material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

"Ordinarily, a general contractor is not liable for a subcontractor's negligence." *Hughes v PMG Building, Inc,* 227 Mich App 1, 5; 574 NW2d 691 (1997); see also *Groncki v Detroit Edison Co,* 453 Mich 644; 557 NW2d 289 (1996) (BRICKLEY, C.J.). One such exception is when "the work is inherently dangerous." *Ormsby, supra* at 173, citing *Phillips v Mazda Motor Mfg (USA) Corp,* 204 Mich App 401, 406; 516 NW2d 502 (1994). In *Rasmussen v Louisville Ladder Co, Inc,* 211 Mich App 541, 548-549; 536 NW2d 221 (1995), this Court repeated the requirements for applying the inherently dangerous exception:

> "Under the doctrine, liability may be imposed when 'the work contracted for is likely to create a peculiar risk of physical harm or if the work involves a special danger inherent in or normal to the work that the employer reasonably should have known about at the inception of the contract.' The risk or danger must be recognizable in advance, i.e., at the time the contract is made. The Court in *Bosak* [*v Hutchinson,* 422 Mich 712, 728; 375 NW2d 333 (1985)] emphasized that liability should not be imposed where a new risk is created in the performance of the work and the risk was not reasonably contemplated at the time of the contract.
>
> "*Similarly, liability should not be imposed where the activity involved was not unusual, the risk was not unique, 'reasonable safeguards against injury could readily have been provided by well-recognized safety measures,' and the employer selected a responsible, experienced contractor.*" [Citing *Szymanski v Kmart Corp,* 196 Mich App 427, 431-432; 493 NW2d 460 (1992), vacated and remanded on other grounds 442 Mich 912 (1993), adhered to on remand 202 Mich App 348; 509 NW2d 801 (1993) (emphasis added; internal citations omitted).]

In this case, there is no genuine issue of material fact regarding whether the roofing at issue was inherently dangerous because plaintiff's expert witnesses conceded that the work performed was not unusual, the risks were not unique, and well-recognized safety measures could have been provided. Plaintiff's expert, Lew Barbe, testified that he believed the project at issue was not unusual. In fact, Barbe believed the project done by Lutz on defendants' property was a fairly typical roofing project. According to Barbe, the risk of falling is not unique to roofing.

Similarly, Barbe testified that the risk of falling could have been eliminated with the use of proper safety practices. Barbe agreed that flat roofing work can be done safely, so long as certain precautions are taken. Barbe referred to several safety devices such as "perimeter guarding or life lines" that involved attaching harnesses to lines connected to a crane, which would have prevented plaintiff's injuries. We note that Barbe was not alone in his awareness of the safety measures that could be implemented, as plaintiff, who had twenty years of roofing experience, was himself familiar with the various safety measures, such as flags, harnesses, roof jacks, boards, and scaffolding, which would assist on low-pitch roofs. Plaintiff was also familiar with "safety men," who would supervise the work being done, which Lutz occasionally used.

While Mumtaz Usmen, plaintiff's other expert, testified that "the work [roofing] is inherently dangerous," he further testified that the danger "can be mitigated by taking proper safety measures." Usmen went on to state that having "a designated safety person who is competent would make a great deal of difference in

safety," and that roofing work could be done safely if barrier ropes, flags, and a safety monitoring person were used.

Plaintiff's own witnesses testified that the risks associated with the roofing project in question were not unique, and that safety precautions could have been taken to greatly reduce those risks. Under *Rasmussen, supra,* liability should not be imposed where the activity involved was not unusual, the risk was not unique, and reasonable safeguards against injury could readily have been provided by well-recognized safety measures. Accordingly, we find the trial court erred in denying summary disposition in favor of defendants.

Because we conclude that summary disposition in favor of defendants should have been granted, we need not address plaintiff's arguments for summary disposition in his favor. We note, however, that summary disposition is appropriate on the basis of the testimony of plaintiff's own experts, regardless of the testimony of defendants' experts. Thus, because we find summary disposition in favor of defendants is appropriate on the basis of plaintiff's expert testimony alone, we decline to address plaintiff's argument regarding the qualifications and competency of defendants' experts.

Plaintiff also argues that the trial court erred in granting summary disposition in favor of defendants concerning plaintiff's nuisance theory. Plaintiff directs this Court to 2 Restatement Torts, 2d, § 427B, p 419, which reads:

> One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another or the

creation of a public or a private nuisance, is subject to liability for harm resulting to others from such trespass or nuisance.

Comment b to this section, *id.*, requires:

> This exception applies to work, which involves a trespass on the land of another, or either a public or a private nuisance. It applies in particular where the contractor is directed or authorized by the employer to commit such a trespass, or to create such a nuisance, and where the trespass or nuisance is a necessary result of doing the work, as where the construction of a dam will necessarily flood other land. It is not, however, necessary to the application of the rule that the trespass or nuisance be directed or authorized, or that it shall necessarily follow from the work. *It is sufficient that the employer has reason to recognize that, in the ordinary course of doing the work in the usual or prescribed manner, the trespass or nuisance is likely to result.* [Emphasis added.]

As plaintiff correctly points out, this rule for liability operates independently of the general rule of nonliability of employers of independent contractors to employees of contractors cited in *Hughes, supra.* 2 Restatement Torts, 2d, § 427B, p 427, comment a. However, plaintiff fails to show how the trial court's ruling amounted to error. Plaintiff does not demonstrate how defendants knew or should have known that Lutz's work would create a nuisance. Absent any evidence that defendants knew or should have known about the nuisance, summary disposition was appropriate.

Reversed in part and affirmed in part. We remand to the trial court for entry of an order granting summary disposition in favor of defendants with respect to the negligence claim. We do not retain jurisdiction.

WHITBECK, C.J. (*concurring*).   I concur with the majority opinion. I write separately to note that *Szymanski v Kmart Corp*[1] was vacated, albeit on grounds other than the principle for which it was cited (that is, that liability should not be imposed under the inherently dangerous activity doctrine if the activity was not unusual, the risk not unique, and reasonable safeguards against injury could have been provided through well-recognized safety measures). Although this Court adhered to its previous ruling in *Szymanski* on remand, it did not restate that principle in the remanded case.

In light of *Dunn v DAIEE*,[2] it is not altogether clear to me whether the *Syzmanski* formulation of the inherently dangerous activity doctrine exception, having been essentially rendered dictum when *Szymanski* was vacated, was resuscitated when the original decision was adhered to on remand. Although much of *Dunn* addresses whether a subsequent panel must follow a rule from a case reversed on other grounds under MCR 7.215(I), it also states that when a case is reversed, no rule of law remains.

In any event, the quotation from *Szymanski*, whether it was binding on the *Rasmussen* Court or not, became binding on future panels when the *Rasmussen* panel relied on it for its ruling. It is permissible for an appellate court to find dictum persuasive and decide to follow it.[3] Further, the material that the majority opinion quotes from *Syzmanski* is unques-

---

[1] 196 Mich App 427, 432; 493 NW2d 460 (1992).

[2] 254 Mich App 256, 260-266; 657 NW2d 153 (2002).

[3] *Taxpayers Of Michigan Against Casinos v Michigan*, 254 Mich App 23, 39; 657 NW2d 503 (2002), citing *Dykstra v Dep't of Transportation*, 208 Mich App 390, 392; 528 NW2d 754 (1995).

tionably an accurate statement of the law. The quoted formulation of the exceptions to the inherently dangerous activity doctrine had its origin not in *Szymanski* but in *Funk v General Motors Corp*,[4] which, while eroded in some respects, remains good law on this point.

---

[4] 392 Mich 91, 110-111; 220 NW2d 641 (1974).